WILLIAM L. WELCH, Administrator of HARRY C. WELCH, deceased, *vs.* THE BALTIMORE AND OHIO RAILROAD COMPANY, a corporation of the State of Maryland.

*Personal Injuries—City Railway—Accident—No Presumption of Negligence—Railroad Crossing—Danger—Duty of Company—Duty of Traveler—Signal Bell—Presumption—Death of Plaintiff's Intestate.*

1.   The mere fact of an accident by which an injury is sustained, if not within the control of the defendant, does not in itself raise a presumption of negligence.

2.   The law regards a railroad crossing as a place of danger, the very presence of such a crossing is notice to the person approaching, or attempting to cross it, of danger; and he is required at least, to look and listen for an approaching train before venturing upon the tracks.

3.   The servants of a railway company, and the driver of a vehicle, have each the right to presume that the other will act as a reasonable person under all conditions and surroundings of the crossing until the contrary shall appear.

4.   While a railroad company is under no original obligation to place a signal bell or gong at a particular crossing, yet if it has done so, and has maintained the same for a long time, travelers over such crossing have the right to presume, if, upon approaching said crossing the bell or gong is not ringing, that they may pass over the crossing safely, if, in the exercise of due care and caution nothing appears to the contrary.

5.   The plaintiff's intestate being deceased, the law clothes him with the presumption that in approaching the crossing and going upon the tracks at the time of the accident, he was in the exercise of reasonable care and caution; but such presumption may be rebutted by the evidence.

(*December* 1, 1908.)

LORE, C. J., and SPRUANCE and BOYCE, J. J., sitting.

*Daniel O. Hastings* for plaintiff.

*Andrew E. Sanborn* and *John W. Huxley, Jr.* for defendant.

Superior Court, New Castle County, November Term, 1908.

ACTION ON THE CASE (No. 29, January Term, 1908), to

recover damages for personal injuries, alleged to have been occasioned by the negligence of the defendant company.

BOYCE, J., charging the jury:

Gentlemen of the jury:—This action was brought by Harry C. Welch, in his lifetime, against the Baltimore and Ohio Railroad Company, to recover damages for personal injuries, alleged to have been occasioned by the negligence of the defendant company. Subsequently the death of Harry C. Welch was suggested and William L. Welch, the administrator of the deceased, was admitted as party plaintiff. It is averred in the plaintiff's declaration, in substance, that the tracks over which the defendant company operated its locomotives and trains of cars were laid across a public road near Elsmere, in this County; that the deceased was, on the morning of October 19th, 1907, driving along said public road in a wagon drawn by a horse, in an easterly direction, and that when he approached and entered upon said crossing, in the exercise of due care and caution, his wagon was carelessly and negligently struck by a steam locomotive of the defendant company, drawing a train of cars, going in a northerly direction, and he was violently hurled and thrown from the wagon upon the cross ties in the road-bed of the defendant company, and he was permanently injured and disordered; that the said crossing was very dangerous because of a curve in the tracks of the defendant company, a short distance south of the crossing, and also because of certain obstructions to the sight of a driver of a team going easterly on said public road to see an approaching train, and to the sight of a locomotive engineer, going northerly on said track, to see an approaching team, until each is within a short distance of said crossing.

It is charged that the injuries complained of were caused by the negligence of the defendant company in approaching said crossing at a high rate of speed, without giving due and timely signals and warnings.

The defendant company denies that its servants did, or

omitted to do, any of the several things complained of and it insists that its servants were not negligently operating the said train, at the time of the accident, but it contends, on the contrary, that the said collision and consequent injuries to the deceased resulted from his own negligence.

It is not claimed that the servants of the defendant company either saw, or, in the exercise of reasonable care, might have seen the deceased in time to have avoided the accident.

The mere fact of an accident by which an injury is sustained, if not within the control of the defendant, does not in itself raise a presumption of negligence. Whether there was any negligence at the time of the accident and whose, must be determined from the evidence under all the facts and circumstances of the case.

There can be no recovery in this case unless the injury to the deceased was occasioned by the negligence of the defendant company.

Negligence is the failure to use such care as a reasonably prudent and careful person would exercise under similar circumstances.

Negligence is never presumed, but it must be proved to the satisfaction of the jury by a preponderance of the evidence. The burden of proving negligence is cast upon the party alleging it.

The law regards a railroad crossing as a place of danger. The very presence of such a crossing is notice to the person, approaching or attempting to cross it, of the danger of colliding with a passing engine or train. And because of the danger, there is imposed upon such person the duty of reasonable care and caution, and the reasonable and ordinary exercise of his senses of sight and hearing for his own and other's safety and protection; and he is required, at least, to look and listen for an approaching engine or train before venturing across the tracks. And, if, as it has been said, he fails to exercise such ordinary care, whatever danger he could thereby have discoverd and avoided, he incurs the peril thereof, if he proceeds, and for an injury arising under such fault, he is left without remedy.

One about to cross a railroad track on the public highway, where the liability to collision is great, will be held precluded from a recovery for an injury, if he carelessly and negligently drives upon the track without looking for an approaching train, even though the servants of the company should neglect to give due and timely warning of the approach of a train by whistle, bell, gong or otherwise.

A person traveling along a public road, approaching a railroad crossing with which he is familiar, is bound to avail himself of his knowledge of the locality and act accordingly. If the view of an approaching train to such crossing is obstructed, that fact will not relieve the traveler from the obligation to look and listen for an approaching train, but he will be required to exercise increased care and caution in proportion to the conditions surrounding the crossing. In approaching crossings of public roads in general use by the public, increased care should be exercised by the servants of a railroad company in charge of the locomotive and train to avoid collision with persons or vehicles who may be traveling over such crossing. The servants in charge of a train should not approach such crossings without giving due and timely warning of the approach; and if their view is obstructed by buildings or otherwise, their care and diligence should be increased in proportion to such conditions. If the servants of the company fail to use the care and diligence which are reasonable under the circumstances, the company will be guilty of negligence.

The servants of the company and the driver of a wagon have each the right to presume that the other will act as a reasonable person under all conditions and surroundings of the crossing until the contrary shall appear. When there is more than ordinary danger, a proportionate increase of care and diligence are required of both the servants of the company and the traveler. What is due care and diligence depend upon the facts and circumstances of each particular case.

While a railroad company is under no original obligation to place a signal bell or gong at a particular crossing, yet if it has

done so, and has maintained the same for a long time, travelers over such crossing have a right to presume, if, upon approaching said crossing, the bell or gong is not ringing, that they may pass over the crossing safely, if, in the exercise of due care and caution, nothing appears to the contrary. If, therefore, the injury complained of in this case was the result of the failure of the defendant company to ring the signal bell at the crossing, or to give other due and timely warning on approaching the crossing, the plaintiff will be entitled to recover, if the deceased was at the time of the accident in the exercise of due care and caution; for it was the duty of the company to give due and timely warning of the approach of its train. But the failure of the company to ring the signal bell at the crossing, or to give other due and proper warning of the approaching train, would not excuse the deceased when approaching the crossing and before going upon the track from exercising reasonable care and caution, such as an ordinarily prudent and careful man would exercise under similar circumstances.

If you should find that the defendant company negligently failed to ring the signal bell at the crossing, or failed to sound its whistle or ring its bell on the locomotive, so as to give timely warning of the approach of its train at said crossing, yet if you find that the deceased either saw or heard, or by the reasonable use of his senses of sight and hearing, could have seen or heard the approaching train, and nevertheless negligently crossed the tracks, and thereby contributed to his accident, the plaintiff cannot recover.

The plaintiff's intestate being deceased, the law clothes him with the presumption that in approaching the crossing and going upon the tracks on the day of the accident, he was in the exercise of reasonable care and caution, unless you should find that the evidence rebuts this presumption and satisfies you that he did not use such care and caution.

If the plaintiff's intestate knew, or by the reasonable exercise of his senses, could have known of the approaching train in time to have prevented the accident, and attempted to cross in front

of the train, and the accident happened from that cause, he was guilty of contributory negligence, and the plaintiff cannot recover.

You are the exclusive judges of the testimony. And where the testimony is conflicting, you should reconcile it, if you can. If you cannot, you should give credit to the testimony of those witnesses, who under all the circumstances appear to you to be most entitled to credit, taking into consideration the opportunities and advantages of each for seeing, observing and knowing the things of which they testified, as well as their apparent fairness, intelligence and any other element which may fairly test the truthfulness and accuracy of each.

Your verdict should be for that party in whose favor is the preponderance or greater weight of the evidence, considered in connection with these instructions.

If your verdict should be for the plaintiff, it should be for such an amount as you believe would be a reasonable compensation for the injuries received by the said Harry C. Welch resulting from the accident, including therein his pain and suffering from the time of the accident up until the time of his death; also his loss of wages, expenses for medical attendance and other necessary expenses in seeking to cure himself or treating his injuries.

It is admitted by the plaintiff that the death of Harry C. Welch was not the result of this accident.

Verdict for plaintiff for $350.