### STILES O. CLEMENTS vs. PAUL R. SMITH.

*Practice—Affidavit of Demand—Plans and Specifications of Architect—Book Account—Judgment Refused.*

1.    The matter of preparation of plans and specifications for the erection of a building is not one properly chargeable in a book account.

2.    Judgment, at the first term of the court, upon plaintiff's affidavit of demand, to which was appended the following copy of the cause of action: "Paul R. Smith to Stiles O. Clements, Dr. June 1, 1909, To work and labor done and   services rendered in the matter of the preparation of plans and specifications for the erection of a building in Middletown, Delaware, $150.00,"—refused because the matter was not a proper item of book account.

Del. case cited:—*Sloan vs. Grimshaw*, 4 *Houst.* 326.

(*July* 7, 1909.)

Judges CONRAD, WOOLLEY and HASTINGS sitting.

*A. B. Magee* for plaintiff.

*John B. Hutton* for defendant.

Superior Court, Kent County, July Term, 1909.

SUMMONS CASE (No. 24, July Term, 1909).

Motion that judgment be refused notwithstanding affidavit of demand.

WOOLLEY, J., delivering the opinion of the Court:

In the case of Stiles O. Clements *vs.* Paul R,. Smith, being number 24 to the July Term, 1909, the plaintiff filed an affidavit of demand, and appended thereto a copy of the cause of action in these words, viz.:

"Paul R. Smith

      to      Stiles O. Clements, Dr.

1909

June 1, To work and labor done and services rendered in the matter of the preparation of plans and specifications for the erection of a building in Middletown, Delaware........$150.00."

The attorney for the defendant has moved that judgment be refused in this case notwithstanding the affidavit of demand.

The Court has concluded that the copy of the cause of action in this case is in all material respects similar to the copy of the cause of action filed in the case of *Sloan vs. Grimshaw*, reported in 4 *Houston at p*. 326, in which case the Court held that the cause of action was not one properly chargeable in a book account.

The test which the Court has applied to this case is, that in the event of the defendant filing an affidavit of defense and the case going to trial, it is apparent that the account could not be proved in the way provided by the statute, viz., by the production of the book of original entries supported by the oath of the plaintiff. In other words, we conclude that the only way to prove an item of this character would be to prove the contract. Therefore we have arrived at the conclusion that this is not a proper item of book account, and we accordingly direct that judgment be refused notwithstanding the affidavit of demand.

Judgment refused.