POSTAL TELEGRAPH-CABLE COMPANY, a corporation of the State of Delaware, *vs.* DELAWARE PRODUCE EXCHANGE, INC., a corporation of the State of Delaware.

ACCOUNT, ACTION ON—SUFFICIENCY OF ACCOUNT.

A statement of account with a telegraph company, made up of items such as "Aug. 1, Geo. A. Wells, Wheeling, W. Va.," insufficiently discloses the nature of the demand warranting refusal of judgment on affidavit of the demand; it being not permissible to consider the corporate name of the plaintiff and the apparent business in which it is engaged to supply any deficiencies in the statement of account.

(*March* 17, 1911.)

PENNEWILL, C. J., and RICE, J., sitting.

*Anthony Higgins* for plaintiff.

*John P. Nields* and *Henry Ridgely* for defendant.

Superior Court, New Castle County, March Term, 1911.

SUMMONS CASE (No. 48, March Term, 1911).

Motion to refuse judgment notwithstanding affidavit of demand.

The affidavit of demand consisted of the caption of the suit and the affidavit of Edward C. Platt, treasurer of the plaintiff, in the usual form, stating the sum demanded as three hundred and fifty six dollars and forty-five cents to which were attached a large number of bill heads of the plaintiff company numbered consecutively, in the form following and containing similar items as stated below, but naming different persons or firms, addresses and amounts, viz.:

"Customers will confer a favor by verifying and paying this bill on or before the 10th.

"Please pay by check to the order of Postal Telegraph-Cable Company.

"The company will not be responsible for errors not called to its attention within thirty days after bills are rendered.

"Office at Dover, Delaware,

"Postal Telegraph                                            August 1910.
    Independent
    Competitive
    Progressive
Commercial Cables

"Delaware Produce Exchange, Inc.,
Sheet No. 1     Dover, Del.
To Postal Telegraph-Cable Company.

Aug. 1  Epstein & Karnofsky, Wilkesbarre, Pa........   25
     1  Geo. A. Wells, Wheeling, W. Va...............   40"

Counsel for defendant, in support of their motion, presented the following brief:

(1) Copy of book entries does not sufficiently disclose the nature of the account sued upon.

"Such book entries should be stated with all the particularity required by a bill of particulars." 1 *Woolley, Delaware Prac.* § 256; *O'Hara v. Reed*, 1 *Penn.*, 138, 39 *Atl.* 776; *Clark v. Dotter*, 54 *Pa.* 215.

(2) The rule in all cases, if there be a doubt, is that we will not permit judgment to be taken at the first term on affidavit of demand. *Davenport Co. v. Addicks*, 5 *Penn.* 4, 57 *Atl.* 532; 1 *Woolley Delaware Prac.* § 246.

(3) Omissions in book entries cannot be supplied by inference from plaintiff's corporate name.

### PLAINTIFF'S BRIEF.

The book account of a corporation, plaintiff, together with the oath of the clerk of the corporation, who made the book entries, is evidence thereof for work and labor done. 1 *Ph. Ev.* 95; 2 *Stark.* 753; 4 *Term Rep.*; 1 *Str.* 547; *Johnson v. Farmers' Bank*, 1 *Harr.* 117.

A party may prove his book of original entries, whether kept by him or by another. *Webb v. Pindergrass' Adm'r*, 4 *Harr.* 439.

A notched stick admitted in evidence, with the oath of the party, as a good book of original entries. *Rowland v. Burton*, 2 *Harr.* 288.

Scraps of paper admitted in evidence as a book of original entries. *Smith v. Smith's Ex'r*, 4 *Harr.* 532; *Hall v. Field*, 4 *Harr.* 533, note, *Supreme Ct.*, *Sussex Co.*, *March* 18, 1795; *Gailey v. Washington's Executrix*, 2 *Harr.* 204; 1 *Woolley Del. Pr.* § 256 (e),

*p.* 182; *Clark v. Dotter*, 54 *Pa.* 215; *Wall v. Dovey*, 60 *Pa.* 212; *O'Hara v. Reed*, 1 *Penn.* 138, 39 *Atl.* 776; 2 *Ency. of Evidence*, 613 (48).

PENNEWILL, C. J., delivering the opinion of the court:

The court are quite clear about this matter. It is perfectly manifest that if the corporate name of the plaintiff is not considered, the copy of the book account filed in this action is entirely unintelligible and insufficient to disclose the natuie of the plaintiff's demand. The only question, therefore, before us is, if the copy of the book account filed is clearly insufficient to disclose the nature of the account sued upon for which recovery is sought, whether such insufficiency can be supplied by inference to be drawn from the corporate name of the plaintiff and the business in which it is apparently engaged. We think not. Therefore, we order that the motion for judgment on affidavit of demand be refused.