THE CONSOLIDATED STONE COMPANY *vs.* CALVER ANDERSON.

1. ACCOUNT, ACTION ON—CHARGES IN BOOK.

The statement of the book account sued on consisted of a billhead, with the items and amounts due stated below the billhead. The billhead gave defendant's name and address, and recited that he was in account with plaintiff, "the Consolidated Stone Company," and just below its name the words "Bedford Stone"; but the statement part of the bill merely contained a number of items similar to the following: "1911, June 17, #13214—Paid Frt. 171.08......341.46," giving the total amount of such items, and other items were, "By Freight 1 Car," "By Cash," and "By Discount," giving the dates of such items and setting the amounts opposite, and the total of the latter items was deducted from the total of the items shown above as "freight paid". *Held*, that the book entries, considered apart from plaintiff's billhead, were not made with sufficient particularity to disclose the nature of plaintiff's demand, and hence would not support an action of assumpsit on the book account.

2. ACCOUNT, ACTION ON—CHARGES IN BOOK—ITEMS CHARGEABLE.

An item of demurrage is not properly chargeable in a book account, so that such item cannot be recovered in an action on the account.

3. ACCOUNT, ACTION ON—SUFFICIENCY—CHARGES.

Items in a book account: "Rebate on bone phos. .44" and "Rebate on ammonia, 2.86"—followed by a total of 795.35, do not sufficiently show the nature of the entries to entitle plaintiff to a judgment on an affidavit of demand at the first term.

(*November* 16, 1912.)

Judges BOYCE and RICE sitting.

*Harry Emmons* for plaintiff.

*Hugh M. Morris*, (of *Saulsbury* and *Morris*) for defendant.

Superior Court, New Castle County, November Term, 1912.

ACTION OF ASSUMPSIT (No. 35, November Term, 1912).

Motion that judgment be refused notwithstanding affidavit of demand.

The copy of the book account sued upon, attached to the affidavit of demand, was as follows:

Statement—Opinion.

## STATEMENT.

Folio                                    Chicago, Ill., Sept. 14, 1912.
M      Calver Anderson
                                         Wilmington, Delaware
     In account with
                        The Consolidated Stone Co.
                             Bedford Stone
     All accounts payable in New
York or Chicago Exchange          325 Monadnock Block

|  |  |  |  |  |
|---|---|---|---|---|
|  | Balance as per Statement<br>Bill rendered |  |  |  |
| 1911 |  |  |  |  |
| June 17 | # 13214—Paid Frt. 171.08 | 341.46 |  |  |
| 20 | #106281—    "    "    195.78 | 385.14 |  |  |
| Aug. 7 | #    617—    "    "    207.74 | 392.49 |  |  |
| 23 | # 33349—    "    "    214.50 | 408.87 |  |  |
|  |  |  | 1527.96 |  |
| July 13 | By Freight 1 car | 171.08 |  |  |
| 25 | "    "    1    " | 195.78 |  |  |
| Sept. 20 | " Cash | 184.64 |  |  |
| 20 | " Discount | 9.73 |  |  |
| 11 | " Freight 1 car | 207.74 |  |  |
| 25 | "    "    1    " | 214.50 |  |  |
|  |  |  | 983.47 |  |
|  |  |  | 544.49 |  |

Counsel for the defendant, in support of his motion, contended (1), that the above book entries were not proper entries and would not, at the trial, be competent evidence of the plaintiff's claim; (2), that the copy of the book account filed in the action was unintelligible and insufficient to disclose the nature of the plaintiff's demand.

*Emmons* for plaintiff contended that the said book entries were a sufficient statement as between the parties, and that it gave the defendant absolute and full information as to the nature and character of the account.

Boyce, J., delivering the opinion of the court:

[1]   The question here is whether the book entries themselves, considered independently of the billhead of the plaintiff, as shown by the copy of the book entries, attached to the plaintiff's affidavit of demand, were made with sufficient particularity to disclose the nature of the plaintiff's demand. We think not. And the insuffi-

ciency cannot be supplied by inference to be drawn from the bill-head which apparently shows the business in which the plaintiff is engaged.   This case clearly falls within the decision of this court in *Postal Telegraph Cable Company v. Delaware Produce Exchange Company*, 2 *Boyce* 336, 80 *Atl.* 244.

The motion of the defendant should prevail, and judgment is refused.

NOTE.—Judgment was also refused at the same time in another case, No. 19 to the present term, in which the book entries annexed to the affidavit of demand were as follows:

Riverhead, N. Y., March 23, 1911.

Consolidated Agricultural Chemical Company,
    To Riverhead Fertilizer Company, Dr.

| | | |
|---|---:|---:|
| 273.88 tons tankage, at $28.50 | $7,805.57 | |
| Drafts Paid | | $6,261.38 |
| Freight Paid | | 739.16 |
| Freight due on Mattatock shipment | | 149.36 |
| One-half bags to Mattatock, 288 ⎫ | | |
| Three-fourth bags Riverhead ⎬ at 6c | | 138.96 |
|   and Aquebogne 2028 ⎭ | | |
| Rebate on bone phos......... .44⎫ | | 795.35 |
| "   " ammonia.........2.86⎭ | | |
| Demurrage Aquebogne | | 2.00 |
| | | $8,086.21 |
| Balance due | $ 280.64 | |

BOYCE, J.:—[2, 3] In this case, the item of demurrage is not properly chargeable in a book account.   And, at least, the two items next above the item for demurrage, do not sufficiently disclose the nature of the entries such as is necessary to entitle the plaintiff to a judgment at the first term on an affidavit of demand. *O'Hara v. Reed*, 1 *Penn.* (*Del.*) 138, 39 *Atl.* 776; *Woolley's Del. Prac.* § 256.