JAMES C. MACROBERT, Admr. of Ernest N. MacRobert, deceased, *v.* THE BALTIMORE AND OHIO RAILROAD COMPANY.

JAMES C. MACROBERT *v.* THE BALTIMORE AND OHIO RAILROAD COMPANY.

(*May* 31, 1927.)

PENNEWILL, C. J., RICE and RODNEY, J. J., sitting.

*Charles F. Curley* and *George L. Townsend, Jr.*, for plaintiff. *John W. Huxley, Jr.*, for defendant.

Superior Court for New Castle County, Nos. 246, 247, Septtember Term, 1926.

RODNEY, J., in charging the jury, among other things, said:
█ Evidence was introduced by the plaintiff to show that the defendant at and prior to the accident in question maintained at the said crossing a blinker or signal lamp which was intended to, and was relied on by travelers to give notice of the approach of a train to the crossing by becoming lighted and remaining lighted until after such train had passed.

We have been asked to charge you in this connection that if you believe that such blinker lamp or signal lamp did not signal the approach of the westbound train in question to the crossing by becoming and remaining lighted, then unless some other notice was given by the defendant of the appraoch of the train, that furnished equivalent warning to the deceased, the failure of said signal lamp to give such warning would constitute negligence on the part of the defendant.

We cannot so charge you, but we do say that the failure of the signal lamp to operate, if it did fail just preceding the accident, would be a fact or circumstance to be considered by you in de-

termining whether the defendant was guilty of negligence in the operation of its train at the time of the accident.

The deceased could not assume from that fact or circumstance alone that he could safely cross the tracks. It was still his duty to look and listen for an approaching train if conditions were such that he could see or hear the train in time to avoid collision. As already said, it is the duty of the traveller, before attempting to cross railroad tracks, to use his senses as best he can for the avoidance of injury.

This court, in the case of *Welch v. B. & O. R. Co.*, 7 *Penn.* 140, 76 *A.* 50, in principle stated: While a railroad company is under no original obligation to place a signal bell, gong or blinker light at a public crossing, yet if it has done so and has maintained the same for a long time, travellers over such crossing have a right to presume if upon approaching said crossing the bell or gong is not ringing, or the blinker light shining, that they may pass over the crossing safely if in the exercise of due care and caution nothing appears to the contrary.

But the failure of the company to ring a signal bell at the crossing or to have the blinker lights shining, or to give other due and proper warning of the approaching train would not excuse the deceased, when approaching the crossing and before going over the track, from exercising reasonable care and caution, such as an ordinarily prudent and careful man would exercise under similar circumstances.