## Clifford, Appellant, v. Hicks.

Argued December 13, 1928.

Before HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*James Yearsley,* for appellant.—The copy of book account attached to statement of claim, of each item of

which defendant alleged payment, was admissible in evidence: Gebhart v. Francis, 32 Pa. 78; Stanly v. Southwood, 4 Phila. 291.

No book or appearance for appellee.

OPINION BY TREXLER, J., January 25, 1929:

This was an action of assumpsit on a book account. It wa's tried by the court without a jury. The trial judge refused to admit in evidence the copy of the book account attached to the statement of claim. The offer was as follows: "I offer in evidence the book account, accompanying the statement of claim and rest." The counsel for defendant stated, "That is objected to because we deny the prices were reasonable and demand proof of the same." The court sustained the objection and no further proof being submitted by the plaintiff, entered a non-suit.

It will be noticed there is no general objection to the admi'ssibility of the book account. If that had been made, it would have been easily overcome, for defendant's affidavit of defense asserted the payment of the account and gave no proper reply to the items contained therein. The objection is specifically directed to the prices. If the charges were not reasonable, it was a matter of defense. The book account was self-sustaining and was prima facie evidence of the sale and delivery of the articles and of their prices. Harlocker v. Gertner, 4 Clark, 277; Ducoign v. Schreppel, 1 Yates, 347; Molony v. Benners, 3 Grant's Cases, 233. This being so, the plaintiff was not required to offer proof that the prices were reasonable.

The judgment is reversed and a new trial ordered.