LEWES HOTEL COMPANY, a corporation created by and existing under and by virtue of the laws of the State of Delaware, *v.* CLARENCE W. HILL.

(*July* 27, 1932.)

HARRINGTON and RICHARDS, J. J., sitting.

*James M. Tunnell* for plaintiff.

*Daniel J. Layton* for defendant.

Superior Court for Sussex County, Action of debt for rent, No. 12, June Term, 1932.

HARRINGTON, J., delivering the opinion of the Court:

The question is whether the amount claimed by the plaintiff to be due him from the defendant is properly chargeable in a book account( *Sections* 2626 and 4226, *Revised Code* 1915); and, therefore, whether that corporation is entitled to judgment in an action based thereon, under *Section* 4169 of the *Revised Code* of 1915. From the language of the book entry attached to the plaintiff's affidavit of demand and which forms the basis of his cause of action, it is fairly apparent that the transaction recorded was based on a lease, either verbal or written, whereby it is claimed that the defendant agreed to pay rent for the plaintiff's hotel building at the rate of $300 per month.

While the original scope of the old shop book rule, on which book accounts are based, may have been somewhat

extended in modern times (*Chamb. Hand Book on Ev.*, § 993) a contract of this character does not come within that rule and must be proved in the regular way. *Ward v. Powell*, 3 *Harr.* 379; *Sayers v. Walker*, 5 *Penn.* 400, 61 *A.* 973; *McDaniel v. Webster*, 2 *Houst.* 305; *Townsend v. Townsend*, 5 *Harr.* 125; *Clements v. Smith*, 1 *Boyce* 16, 76 *A.* 50; *Consolidated Stone Co. v. Anderson*, 3 *Boyce* 450, 84 *A.* 1031; *Woolley's Del. Prac.*, §§ 256, 1466; *Chamb. Hand Book on Ev.*, § 993.

The defendant's motion that judgment be refused notwithstanding plaintiff's affidavit of demand is, therefore, granted.