## Solar Electric Corporation, Appellant, v. Exterminator Corporation of America.

Argued November 29, 1955. Before STERN, C. J., STEARNE, JONES, BELL, MUSMANNO and ARNOLD, JJ.

*Mitchell W. Miller*, with him *Levi, Mandel & Miller*, for appellant.

*Stephen J. Korn*, with him *Nathan L. Posner* and *Fox, Rothschild, O'Brien & Frankel*, for appellee.

OPINION BY MR. JUSTICE JONES, February 6, 1956:

The plaintiff company sued in assumpsit to recover, under count 1, for the defendant's failure to pay for goods sold and delivered, consisting of a certain quantity of Insecticide Lamps and, under count 2, for a loss of profits due allegedly to the defendant's breach of a written contract for the purchase and sale of 1,000,000 Insecticide Lamps.

The case was tried to the court without a jury. At the conclusion of the plaintiff's case the defendant moved for a compulsory nonsuit. A recess for lunch was taken without any ruling by the trial judge on the defendant's motion. Upon resumption of the trial and before any action by the court on the motion for nonsuit, counsel for defendant rested and presented a request for a directed verdict which the learned trial judge did not then act upon but granted the defendant's motion for nonsuit. In accordance with a local rule of court, the plaintiff, within the time limited therefor, filed exceptions which the court subsequently dismissed and entered judgment for the defendant. We are persuaded from our examination of the record that the correct result was reached by the learned court below. The judgment will be affirmed on the following excerpts from the opinion of Judge WATERS which adequately answer the appellant's contentions.

"Considering first count II, the plaintiff's claim is based on a writing of which a photostatic copy was offered as plaintiff's exhibit number 4. This writing appears to be an order form of the plaintiff, on which the printed name and address of the plaintiff have been obliterated and the name and address of the defendant inserted in typewriting. It is addressed to Solar Electric Corporation, the plaintiff, is marked 'Order No. 43260,' and calls for 1,000,000 60w ST19B1 In-

secticide Lamps. It carries in typewriting the statement, 'This order is subject to a cancellation charge in event of a cancellation by us,' followed by a signature said to be that of Philip Rochlin. The order is undated but bears a rubber stamp purporting to show that it was received by the plaintiff on June 15, 1953.

"The plaintiff contends that one shipment of 5,040 lamps was made to the defendant under this order on July 29, 1953, but that no further shipments were made because of the defendant's failure to make payment for this and earlier deliveries of merchandise.

"We need not consider whether this writing constituted a valid contract between the plaintiff and the defendant or whether the defendant breached the contract because we have concluded that the plaintiff's proof of damages was wholly inadequate. The plaintiff's only witness was its treasurer, and his testimony on the subject of damages was confined to the reading of portions of a letter alleged to have been written by the plaintiff's general manager to the defendant setting forth an 'inventory of Exterminator raw material and finished lamps,' a copy of which is attached to the complaint as exhibit 'C'. The witness's testimony lacked the detail and personal knowledge of the transactions necessary to establish a claim for damages chargeable against the defendant for breach of contract.

"It is true that where there is a basis in the evidence for a reasonable computation of the damages suffered, considering the nature of the transaction, a verdict may be based thereon, though there may be involved some uncertainty about it: Weinglass v. Gibson, 304 Pa. 203 (1931); nevertheless, where damages are susceptible of being proved the amount must be established with certainty: Forrest v. Buchanan, 203 Pa. 454 (1902). The evidence of damages submitted in the

instant case is so vague and indefinite that any award based thereon would be mere speculation and conjecture.

"To support its claim under count I of the complaint, the plaintiff rested on its books of account purporting to show an indebtedness by the defendant to it of $27,405.02, citing the authority of Clifford v. Hicks, 95 Pa. Superior Ct. 182 (1929) and other cases for the proposition that the book account is self-sustaining and is prima facie evidence of the sale and delivery of the articles and of their prices. This claim, however, does not appear to be one arising out of a transaction which would be susceptible of proof by such book account alone. The testimony of the plaintiff's witness indicated not only that the prices were agreed upon in advance but that the shipments alleged to have been made were made in pursuance of a bulk order for future delivery. In fact, most of the invoices offered to support the book entries bear the legend 'Your Order No. 43252-4/16,' and one invoice bears the legend 'Your Order No. 5260-6/5/53,' which appears to be the purported order for 1,000,000 lamps which formed the basis of plaintiff's claim in count II.

"The defendant contends that the records offered at the trial do not in fact represent the plaintiff's books of original entry. We do not feel that we need decide this question, because we are convinced that the trial judge was correct in holding that, in a case such as this, the plaintiff is required to show more than the mere entry of items of accounts receivable in order to prove the defendant's liability. The plaintiff's argument based on Clifford v. Hicks, supra, overlooks the necessity theory upon which the evidence of book accounts has been received by the courts as an exception to the hearsay rule, and the line of cases holding that

where a special contract is sought to be established or where the amount involved or the goods delivered are of such large proportions as to make it obvious that other and more satisfactory proof is available, the book account may not be relied upon. 'The early cases are full of expressions that such evidence [of book accounts] is received only from necessity and that the custom to which such necessity gave rise extended only to goods sold and labor performed; that it was exceptional and dangerous in character and would not be extended: Fulton's Estate, 178 Pa. 78, 87, 35 A. 880. It has been held . . . that they are not admissible to prove delivery of goods pursuant to a previous contract: Hall & Co. v. Woolen Co., 187 Pa. 18, 22, 40 A. 986; Lonergan v. Whitehead, 10 Watts 249.' Pringle v. Neff, 112 Pa. Superior Ct. 547, 549 (1934). And, as stated by President Judge TREXLER in Crew Levick Co. v. Gibbon, 115 Pa. Superior Ct. 595 (1935), citing the same cases, the plaintiff 'cannot rely upon the presumption of purchase and delivery attached to the books of original entry and the implied promise to pay. Where there is a special agreement the transaction is taken out of the usual course of buying and selling . . . Books of original entry are not admissible to prove delivery of goods pursuant to a previous contract.'"

Judgment affirmed.