D. F. QUILLEN & SONS, INC., a corporation of the State of Delaware, Plaintiff, v. THOMAS E. AYRES and SIDNEY LAYTON AYRES, Defendants.

(*April* 3, 1962.)

CHRISTIE, J., sitting.

*Paul R. Reed* for plaintiff.

*A. Dean Betts* (of Ennis and Betts) for defendants.

Superior Court for Sussex County, No. 39, C. A. 1951.

CHRISTIE, J.:

Plaintiff brought this action alleging that defendants owe it $2,970.76 for labor, materials and goods sold and delivered to the defendants in the construction of defendants' theatre in Bridgeville. Attached to the complaint was a bill of particulars and affidavit of demand.

The form of the complaint indicates that plaintiff was suing for the recovery of a book account. Under the provisions of 10 *Del. C.* § 3901 plaintiff is entitled to a default judgment unless an affidavit of defense is filed.

Defendants filed an answer denying liability and alleging that plaintiff breached its contract by failing to supervise the job. Defendants did not file an affidavit of defense.

Plaintiff then moved for judgment by default for failure to file an affidavit of defense as required by 10 *Del. C.* § 3901.

Defendants resist the motion on the ground that plaintiff's action is on a special contract and not on a book account. If defendants' position is correct, then they were under no obligation to file an affidavit of defense.

The facts on the merits of the case and the facts raised by the motion for default judgment were presented at a single hearing. This opinion deals with both issues.

At the hearing plaintiff sought to prove that it had supplied materials and labor for construction of the theatre for defendants under an oral agreement or understanding whereby plaintiff was to be paid for time and material plus ten percent. I find from the evidence that although plaintiff performed its part of the bargain, the last billing under such agreement remains unpaid. Plaintiff's case depends largely, but not entirely, on various business records including books of original enteries made at the time of the construction.

Defendants maintain that such records are inadmissable because the agreement between the parties is a "special contract" and does not give rise to an action based on an account or on the "common counts". Under the old practice books of original entry were admissible to prove accounts due but not to prove special contracts.

Defendants' technical position finds some support in *Woolley on Delaware Practice* (1906) §§ 1465-1468. See also *Edsall v. Rockland Paper Co.* 8 *W. W. Harr.* 495, 194 *A.* 115 (Superior Ct. 1937) which adopts defendants' viewpoint and contains the most recent study of the original entry rules as they were interpreted prior to the adoption of the uniform statute on business records.

At the time the *Edsall* case was decided the only statute on the admissibility of books of original entry laid down the rules still found in 10 *Del. C.* § 4309, which provides as follows:

"(a) A book of original entries, regularly and fairly kept, shall, together with the oath or affirmation of the plaintiff, be admitted in evidence to charge the defendant with the sums therein contained for goods sold and delivered, and other matters properly chargeable in an account. Cash items are not properly so chargeable. Such book may, in like manner, be admitted, with the oath or affirmation of a defendant, to establish a set-off or counter-claim.

"(b) The party proving his book of original entries shall be subject to cross-examination touching the same, and the entries therein, and the transactions to which such entries relate.

"(c) Except that, in actions before a justice of the peace, a copy of the book of original entries, with the oath or affirmation of the plaintiff, or some one of them, or in case of a plaintiff corporation with the oath or affirmation of the treasurer or cashier as to its correctness, thereto attached, shall be admitted in evidence to charge the defendant with the sum therein contained, for goods sold and delivered, and other matters properly chargeable in an account.

"(d) A sufficient and competent copy under this section includes a photographic, micro-photographic or photostatic copy of the book of original entries."

In 1945 the statutory provisions as to books of original entry were amended by the adoption of the Uniform Business Records as Evidence Act, 9A, U. L. A. The uniform act is now found in 10 *Del. C.* § 4310, which reads in pertinent part as follows:

"(a) The term 'business' includes every kind of business, profession, occupation, calling, or operation of institutions, whether carried on for profit or not. A record of an act, condition or event, shall, in so far as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was

made in the regular course of business, at or near the time of act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission."

The provisions of § 4309 stem from the Code of 1852 and represent a liberalized version of the early common law "shop-book" rule providing an exception to the hearsay rule of evidence, known as the "regular entry" rule. The differences between the Delaware "shop-book" and the "regular entry" rules are discussed at length in the *Edsall* case, *supra*. Both rules recognized, in different degrees, the usefulness and frequent necessity of introducing business records into evidence to establish the existence of a debt. The rules are based upon a realization that the circumstantial guarantee of trustworthiness of business entries overrides, under certain conditions, the suspicion naturally attaching to books a party seeks to introduce in his favor. Both rules were limited in application, however, so as to permit the admission of original business entries to prove "book accounts" only and not to prove "special contracts".

Although the provisions of § 4309 removed some of the restrictions of the old rules of evidence under the common law, that statute still looks to the old forms of action where great significance attached to whether one sued on the "common counts" or on a "special contract".

The provisions of § 4310, on the other hand, have their origin in the Uniform Business Records as Evidence Act and represent a further liberalization of the limited admissibility provided for in § 4309 by discarding the rigid restrictions on the admissibility of business records altogether and leaving the matter in the discretion of the trial Judge. Among other things, the uniform statute ignores the distinctions as to types of actions although such distinctions have been preserved in Delaware in the practice surrounding affidavits of demand.

■ I find that § 4309 became obsolete when § 4310 was enacted. Its repeal would be in keeping with the uniform law and the trend under the Civil Rules.

The old rule that "special contracts" must be proven without the use of books of original entry finds no place in modern practice under the uniform law. In contract actions the books may be admitted under the provisions of 10 *Del. C.* § 4310, and I rule them admissible in this case.

■ Since the evidence indicates that plaintiff is actually suing on a "special contract", it is not entitled to a default judgment based on an action on a book account, even though defendants failed to file an affidavit of defense.

However, plaintiff is entitled to judgment on the merits because the necessary elements for recovery under the contract have been proven.

If the complaint does not contain an adequate allegation of a contract, the contentions of the plaintiff were no surprise to the defendants who pleaded breach of the contract in question as a defense, and plaintiff may amend the complaint to conform to the evidence.

In reaching these conclusions I have given consideration to defendants' evidence supporting its allegation that plaintiff breached the contract. I find that the preponderance of the evidence is in plaintiff's favor on these points.

Judgment will be entered in plaintiff's favor on the merits of the case.