THOMAS E. AYERS and SIDNEY LAYTON AYERS, Appellants, v. D. F. QUILLEN & SONS, INC., a Delaware corporation, Appellee.

(*February* 18, 1963.)

SOUTHERLAND, Chief Justice, and WOLCOTT and TERRY, J. J., sitting.

*A. Dean Betts* for the appellants.

*Paul R. Reed* for the appellee.

Supreme Court of the State of Delaware, No. 37, 1962.

TERRY, J.:

Plaintiff, on February 2, 1951, filed a complaint in the court below, together with an affidavit of demand, which included copies of the book entries sued upon. Subsequent to this date, in 1951, the attorney for plaintiff filed a stipulation

extending, without termination date, the time in which defendants were required to answer this complaint. On June 26, 1960, plaintiff served and filed a notice of motion for entry of judgment by default for failure to plead or otherwise answer. Prior to this action, neither party had taken any action to prosecute or defend this claim. On July 22, 1960, defendants moved to dismiss the action, pursuant to Rule 41(b) of the Rules of the Superior Court, *Del. C.*, for failure to prosecute the action. Both motions were denied.

At trial, defendants objected to the introduction of the book entries offered by the plaintiff on the ground that these entries were being used to prove a special contract rather than a book account. The trial court, after reserving decision on this objection, later overruled this contention of defendants and entered judgment for the plaintiff. It is the two rulings denying the motion to dismiss and admitting the book entries into evidence from which defendants prosecute this appeal.

It is a well-settled rule in this jurisdiction that the ruling of the trial court on a motion to dismiss for want of prosecution is within the discretion of the trial court and is reviewable here only upon a showing of abuse of discretion. *Landes v. Wolf*, 9 Terry 3, 96 A. 2d 344 (Supreme Ct., 1953). In the instant case, plaintiff contends that he personally was diligently prosecuting his claim during the 10-year period in question, since he allegedly was exhorting his attorney to take action. However, the diligence of the plaintiff is relevant only insofar as it results in action taken to settle the dispute by direct negotiation with the defendants. In order to protect the orderly administration of justice and the legitimate interests of the defendants, the neglect of the plaintiff's attorney must be imputed to the plaintiff.

Plaintiff secondly contends that since neither side took any action during the 10-year period, both sides were

negligent and should bear equal responsibility for this extraordinary delay. This reasoning was concurred in by the opinion of the trial court which denied the motion to dismiss.

The only possible neglect of the defendants in this case is a failure to file an affidavit of defense as required by 10 *Del. C.* Sec. 3901. However, as noted *infra*, plaintiff's evidence demonstrated a special contract rather than a book account and, accordingly, this section became irrelevant.

■ Plaintiff thirdly contends that defendants have shown no prejudice by this delay other than the mere passage of time. Although Rule 41(b) does not specify an appropriate period of time, consideration should be given to the time specified in Rule 41(e). This rule allows dismissal after one year of inaction, if the defendant fails to take further steps within 30 days after notice from the court indicating that no proceedings have taken place for one year. The fact that one year and 30 days of inaction is considered adequate cause for dismissal under Rule 41(e) should indicate that ten years of inaction is sufficient cause to warrant dismissal under Rule 41(b).

■ However, the dismissal of the motion should be upheld, since at the time of the motion the plaintiffs were diligently prosecuting this action. As noted above, prior to the motion to dismiss, plaintiff had filed a motion for default judgment. A motion to dismiss for want of prosecution will not be granted if the plaintiff is then diligently prosecuting his claim even though, at some prior period of time, he has been guilty of gross negligence. See Barron & Holtzoff, *Federal Practice and Procedure*, Sec. 918; and *Rollins v. United States*, 286 F. 2d 761 (9th Cir., 1961).

We turn to the second assignment of error. The evidence introduced at trial disclosed that plaintiff supplied labor, material, and supervision for the construction of a theatre building owned by defendants. When the plaintiff attempted

to introduce the ledger sheets indicating the charges made against defendants' account, defendants objected on the ground that the entries indicated a special contract rather than a book account. In particular, defendants noted the presence of the term, "ten percent," which is found throughout the ledger entries. No contest was presented as to the authentication of the documents, since the persons responsible for making the entries were available and testified in court.

The trial court, in its opinion, agreed that defendants' position was supported by the decision of the Superior Court in *Edsall v. Rockland Paper Co.*, 8 W. W. Harr. 495, 194 A. 115 (1937). The court, in Edsall, held that a special contract may not be proven by book entries. The court below, however, held that the *Edsall* decision was predicated exclusively upon 10 *Del. C.* Sec. 4309, and the court further held that Section 4309 was rendered obsolete by the adoption of Section 4310, the Uniform Business Records as Evidence Act. The court held the evidence admissible under the latter statute, noting that the intent of the Uniform Act was a further liberalization of the shop-book rule.

While it is true that the Uniform Business Records as Evidence Act introduced at further liberalization in the hearsay rule, this expansion remained predicated on the rule of necessity, which is the basis for exceptions to the hearsay rule. While most jurisdictions have adopted the Uniform Act, the prohibition against the use of book entries to prove special contracts has retained its vitality: "Where there are *special terms* to the contract, the entry cannot be used, because there would usually be a writing between the parties, containing the term of the special contract and the book-entry would be unnecessary." *Wigmore on Evidence*, 3d Ed. Sec. 1541. See also 20 *Am. Jur.* Evidence, Sec. 1089.

The special contract rule was recently reaffirmed by the Supreme Court of Pennsylvania in *Solar Electric Corp. v.*

*Exterminator Corp. of America,* 384 Pa. 233, 120 A. 2d 533 (1956): "Where a special contract is sought to be established or where the amount involved or the goods delivered are of such large proportions as to make it obvious that other or more satisfactory proof is available, the book account may not be relied upon."

■ Therefore, we must disapprove the sweeping condemnation given the *Edsall* decision by the court below. However, there was adequate independent evidence before the court to support the finding that the book entry indication of cost plus ten percent was a correct statement of the terms of the agreement between the parties. While it is true that the evidence given by plaintiff's foreman indicated a lack of direct knowledge of the terms of the contract, the testimony of defendant, S. Layton Ayres, clearly indicates that cost plus ten percent was the basis of the agreement. The evidence indicating that defendants received and paid monthly bills rendered by the plaintiff, which show a ten percent cash charge in addition to the costs of labor and materials, further establishes the nature of the agreement between the parties. Accordingly there is no prohibition against the use of the book entries to show the delivery of labor and materials under the terms of a special contract which has been properly proven by other competent evidence. See *Edsall v. Rockland Paper Co.,* cited *supra.* In view of the above, we do not deem it necessary to reach the question of whether or not a special contract may be proven by book entries when there is no other competent evidence available to supply such proof.

The judgment below is affirmed.