J. A. MONTGOMERY, INC., a Delaware corporation, Plaintiff,

v.

MARKS MOBILE HOMES, INC., a Delaware corporation, and Larry D. Lawson, Defendants.

Superior Court of Delaware.

New Castle.

June 5, 1969.

2. We do not pass upon its admissibility, had it been offered.

Stephen B. Potter, Wilmington, for plaintiff.

Arthur F. DiSabatino, Wilmington, for defendants.

## OPINION

MESSICK, Judge.

Plaintiff in this action is an insurance company which allegedly paid the premiums on insurance ordered by defendant. Defendant did not respond to plaintiff's billing, whereupon plaintiff commenced this action by filing a complaint and affidavit of demand. Defendant has filed an answer and affidavit of defense.

Several objections have been raised by plaintiff to defendant's affidavit of defense. As grounds for alleged insufficiency of defendant's affidavit, plaintiff claims:

1. The affidavit of defense is not signed by the cashier or treasurer of defendant, but rather is signed by its president in his individual rather than his presidential capacity.

The answer to plaintiff's contention is that 10 Del.C. § 3901(a) does not require that the affidavit be signed by the cashier or treasurer. It merely says that a signing by such persons shall be sufficient. Such language is no bar to a signing by some other person as long as the one signing (as, for instance, a president) is in an apparent position to know of the facts recited in the affidavit. See Pittman-Berger Co. v. Parkinson, 7 W.W.Harr. 105, 180 A. 645 (1935). Furthermore, where the body of the affidavit states that affiant is presi-

dent of defendant and the affidavit recites facts concerning defendant, it is obvious that the affidavit is made and signed by affiant in his presidential capacity even though his signature is not followed by the words "President of X Company" or some equivalent phrase.

2. The affidavit fails to state whether the defense is to the whole or part of plaintiff's claim and, if to a part only, to which part.[1]

■ The main defense asserted in this case is failure of consideration. There is nothing in the defense, as pleaded, to indicate that it is anything less than a complete failure of consideration. Such a defense obviously goes to the whole of plaintiff's claim. In view of modern pleading rules which focus on reasonable notice rather than on technicalities, a defense of failure of consideration which is in no way limited in the pleadings serves to reasonably notify claimant of a defense to the entirety of his claim and is therefore sufficient without expressly stating that it goes to the entire claim.

3. The affidavit fails to state a liquidated claim by way of defense.[2]

■ Plaintiff cites Frantz v. Templeman Oil Corporation, 3 W.W.Harr. 221, 134 A. 47 (1926) for the proposition that an unliquidated set-off or counterclaim cannot constitute a defense in an affidavit of defense. To the extent that defendant makes such an unliquidated, affirmative claim, the case cited likely controls. But the fact that such an unliquidated claim may be insufficient does not affect the defense of failure of consideration which must stand or fail on its own merit.

4. The affidavit of defense fails to state facts which, if proved, would constitute a defense.

It has been held in Delaware that an affidavit of defense must state facts on which the alleged defense is based so that the court can judge whether, if proved, such facts would constitute a defense; mere assertion of legal conclusions is not a sufficient statement of the "nature and character" of the defense required by 10 Del.C. § 3109(a). Frantz v. Templeman Oil Corporation, supra.

■ The facts relied on by defendant are that the policy ordered was never delivered to or accepted by him and that no claims lodged thereunder have ever been paid. From these facts defendant relies on the inference that the insurance coverage he ordered was never procured by plaintiff. Although delivery of an insurance policy is not required for there to be a binding contract for insurance,[3] non-delivery of same is evidence that could lead one reasonably to infer that the insurance contracted for was not procured. In short, defendant has alleged facts which, if proved, could substantiate his failure-of-consideration defense.

■ The problem in this case is that the defense and facts constituting same is set forth in defendant's answer and not in the attached affidavit of defense. Can the answer be incorporated in the affidavit of defense by reference?

The affidavit of defense states at paragraph 3:

"The nature and character of defense is set forth in the foregoing answer."

If the affidavit stopped at that point there could be no incorporation. By requiring an affidavit, 10 Del.C. § 3109 in effect requires a sworn statement. The importance of requiring a sworn statement

---

1. The "defense" is to be found in defendant's answer rather than in his affidavit of defense. At this point it is assumed for the sake of argument that it is contained in the affidavit of defense itself. Later it will be discussed whether the "defense" stated in the answer can be considered incorporated in the affidavit of defense.

2. Again it is assumed that the defenses found in defendant's answer are to be found or incorporated in the affidavit of defense itself.

3. See 29 Am.Jur., Insurance, § 215.

of defense in the interests of fostering speedy determinations through discouragement of frivolous defenses has been pointed out in Miller v. Master Home Builders, 239 A.2d 696 (Del.Super.Ct.C.A. 2171, Jan. 9, 1968). If an affidavit merely referred to another document as the location of statements concerning the nature and character of a defense, said statements would not be sworn to and the affidavit would fail.

Here, however, paragraph 4 of the affidavit states:

"The facts contained in the foregoing Answer are true and correct according to his (affiant's) personal knowledge."

Thus the facts constituting the defense contained in the answer were not only referred to in the affidavit, but were *sworn to* in the affidavit as correct. By so referring to and *swearing to* the facts set out in the answer, the affidavit stands as if said facts were actually recited in the affidavit and it is therefore sufficient.

A final comment should be made on defendant's contention that plaintiff's claim is not based on a book entry and that proceeding by affidavits under 10 Del.C. § 3901 is therefore improper.

■ The record indicates that the instant claim is based on a record made in the regular course of business at or near the time of the plaintiff's alleged payment and prepared in a manner so as to justify belief in its reliability. See D. F. Quillen and Sons, Inc. v. Ayers, 4 Storey 501, 180 A.2d 738 (Super.Ct.1962) aff'd 5 Storey 481, 188 A.2d 510, 512 (1963). As such it is clearly a book entry within the meaning of 10 Del.C. § 3901 and use of that statute's machinery here is proper.

For the foregoing reasons the objections of plaintiff to the sufficiency of defendant's affidavit of defense and the objection of defendant to proceeding by way of affidavit should be denied.

It is so ordered.