EDNA K. RAMIREZ, Plaintiff, v. GEORGE WILLIE RACKLEY, also known as George Willis Rackley, Defendant.

NANCY DOLORES RAMIREZ, by her next friend, Mario Ramirez, Plaintiff, v. GEORGE WILLIE RACKLEY, also known as George Willis Rackley, Defendant.

(*July* 29, 1949.)

PEARSON, J., sitting.

*Albert L. Simon* for Plaintiff.

*Herbert H. Ward, Jr.,* and *Samuel R. Russell* for defendants.

PEARSON, Judge.

Each of the actions was instituted on June 20, 1947, by the filing of a praecipe. They were thus brought to the September Term, 1947. Under the rules of this court then effective, declarations were due to be filed on or before the first general rule day in the September Term. Neither plaintiff filed a declaration or took any other proceeding in the cases until after December 3, 1948, when defendant filed the motions to dismiss for want of prosecution. On December 14, 1948, the plaintiff in each case attempted to file a complaint and asked leave of the court so to do. Defendant argues that the old rules, in effect prior to January 1, 1948, as well as the new rules, in effect after January 1, 1948, require that the actions be dismissed.

As to the old rules, defendant relies on *Rule* 42, which provides:

"In every action, where the party whose duty it shall be to prosecute the same fails so to do for four consecutive terms of Court, without agreement of counsel in writing filed in the cause, or by leave of the Court, the said action shall abate. (Nov. 18, 1930)"

When the plaintiffs attempted to file complaints, more than four consecutive terms of court had elapsed. But when the new Superior Court rules became effective, only two terms had elapsed. These rules provide as follows with respect to pending actions:

### Rule 86. Effective Date

"These rules will take effect on January 1, 1948, * * *.

"They govern all proceedings in actions brought after they take effect and also all further proceedings in actions then pending, except to the extent that in the opinion of the Court their application in a particular action pending when the rules take effect would not be feasible or would work injustice, in which event the former procedure applies."

█ I find no reason to hold that it would not be feasible or would work injustice to apply the new rules in the present cases. The defendant had no right to a dismissal of either action under old Rule 42 when the new rules took effect, for the reason stated above that less than four terms had elapsed. The rule was, of course, subject to amendment and was, in fact, amended by the new rules. I, therefore, hold that in so far as the present question is concerned the new rules are applicable.

In support of the motion under the new rules, the defendant relies on Rule 41 (e), which reads thus:

### "Rule 41. Dismissal of Actions

* * * * *

"(e). Dismissal for Failure to Prosecute. In the case of

any action which has been pending in this Court for more than one year without any proceedings having been taken therein during that year, the Prothonotary shall after the expiration of the one year period mail to the parties a notice notifying them that the action will be dismissed by the Court for want of prosecution if no proceedings are taken therein within thirty days. If no proceedings are taken in the action within a period of thirty days after the mailing of such notice, it shall thereupon be dismissed by the Court as of course for want of prosecution. Such actions may also be dismissed for want of prosecution at any time by motion of any party."

Defendant says that the motions are brought under the last sentence of Rule 41 (e). He contends that the passage of one year during which no proceedings have been taken in a case is all that is required to entitle a party to a dismissal upon motion under the Rule.

Rule 41 (e) provides specifically for dismissal for failure to prosecute. (This is not to be confused with involuntary dismissal for failure of a plaintiff to comply with particular rules or with an order of court.) The Rule furnishes two procedures for bringing about a dismissal: one is initiated by the Prothonotary, and the other, by a party. The *ground* of dismissal in each is "want of prosecution." The last sentence of 41 (e) uses the expression "want of prosecution" but does not define it. It is proper to examine the preceding part of the Rule to ascertain what state of facts constitutes a "want of prosecution." In the first two sentences, provision is made for a dismissal where, after the passage of a year without proceedings, *no proceedings are taken during a further period of thirty days following the mailing of notice to the parties* by the Prothonotary. Under these provisions, the passage of one year without proceedings does not of itself amount to "want of prosecution" upon which a dismissal is conditioned. There must also be no proceedings during the thirty-day period,

after notice.

■ "Want of prosecution" in the first part of the Rule plainly refers to no proceedings in a case during one year and during an additional thirty-day period after notice to the parties. This being so, I do not think it would be reasonable to construe the same expression in the last sentence as referring only to no proceedings during one year, thereby denying the opportunity to save a case from dismissal by proceedings during a thirty-day period. Rather, it seems to me, the last sentence means that a party may, at any time after the passage of a year without proceedings, move for a dismissal upon failure of the adverse party to prosecute within thirty days after notice of the motion, and that the case should be dismissed in the event of such failure.

■■ It follows that the motions to dismiss must be denied. Since the complaints were offered for filing within thirty days after notice of the motions, no leave of the court was necessary to file them, and they should be deemed to have been properly filed.

An order accordingly will be entered.