SHORT AND WALLS LUMBER COMPANY, a corporation of the State of Delaware, Plaintiff, v. FLORENCE W. BLOME, now or formerly trading as Right Lumber Company, Defendant.

(*December* 19, 1951.)

RICHARDS, P. J., and CAREY, J., sitting.

*Harry K. Hoch* and *Philip Cohen* for Plaintiff.

*James R. Morford* for Defendant.

Superior Court for New Castle County, No. 36, Civil Action, 1949.

CAREY, J., delivering the opinion of the Court:

This matter comes before the Court on plaintiff's motion for a continuance based upon the absence of a material witness. In opposing that motion, defendant contends that the action should be dismissed for want of prosecution.

The record reveals the following facts:

The case was definitely scheduled for trial at the May Term, 1950. Shortly before the day of trial, a material witness disappeared and has not yet been found. The case was, therefore, continued to the November Term, 1950. It was likewise continued at each term thereafter until May, 1951. Apparently, these continuances were at plaintiff's request. Whether defendant objected does not appear. At the call of the calendar on the first day of the May Term, 1951, plaintiff's attorney asked the Court to remove the case from the trial list subject to recall when the necessary witness was found. The Court declined to do this but agreed to mark it continued to the November Term, 1951. This action was taken on the first day of the May Term. Ten days later, the Prothonotary, acting under Rule 41(e), notified counsel that the action would be dismissed by the Court for want of prosecution if no proceedings were taken within thirty days. Immediately upon receipt of that letter, plaintiff's attorney called the Prothonotary's attention to the action which the Court had taken on May 7. The Prothonotary then entered a notation "30 day notice cancelled" and so informed defendant's counsel. Nothing more was done until the call of the calendar on the first day of the present term (November, 1951) when plaintiff again moved for continuance and defendant suggested that the action should be dismissed for want of prosecution.

Defendant's contention is that the first two sentences of Rule 41(e) are self-operative and that she was entitled to an

order of dismissal at the expiration of thirty days from the date of the Prothonotary's letter, as no proceeding was taken during that period of thirty days. Rule 41(e) reads as follows: "In the case of any action which has been pending in this Court for more than one year without any proceedings having been taken therein during that year, the Prothonotary shall after the expiration of the one year period mail to the parties a notice notifying them that the action will be dismissed by the Court for want of prosecution if no proceedings are taken therein within thirty days. If no proceedings are taken in the action within a period of thirty days after the mailing of such notice, it shall thereupon be dismissed by the Court as of course for want of prosecution. Such actions may also be dismissed for want of prosecution at any time by motion of any party."

There is no doubt that this case was marked continued at each and every term since it was first scheduled for trial in May, 1950 and that this was done upon application of one of the parties. To our mind, the sole question presented by defendant's contention is whether this act—applying for and obtaining a continuance at each term—constitutes taking some proceeding within the meaning of the quoted Rule. In our opinion, the correct answer is clearly in the affirmative. This is particularly true when the obvious purpose of the Rule is considered and when the consequences of a contrary ruling are kept in mind. When a party, presumably for cause shown, successfully applies for an order directing the case to be continued to the succeeding term, it cannot be said that no "proceedings have been taken".

This ruling works no injustice upon a defendant. One who believes that he is entitled to have a cause dismissed for want of prosecution may so move at any time under other provisions of Rule 41. Moreover, he has the privilege at any time to object to an application for continuance and certainly the Court in exercising its discretion would take into consideration the length of time the case has been at issue.

Defendant's application is denied, and plaintiff's request for a continuance to the January Term is granted.