HARRY LANDES and NETTIE LANDES, his wife, Appellants, v. HARRY H. WOLF, GEORGE D. WOLF, JR., OSCAR VICTOR WALLIN, and MURRAY C. HOTCHKISS, partners trading under the firm name and style of WOLF AND COMPANY, an unincorporated association of the State of Pennsylvania, Appellees.

4

(black redacted blocks)

*(April* 29, 1953.)

SOUTHERLAND, Chief Justice, WOLCOTT, Justice, and TERRY, Judge, sitting.

*Samuel R. Russell* (of Tunnell and Tunnell) for appellants.

*Daniel J. Layton, Jr.*, for appellees.

Supreme Court of the State of Delaware.

SOUTHERLAND, C. J.:

The question presented concerns the construction of Rule 41(e) of the rules of the Superior Court, relating to dismissal for want of prosecution. The rule provides:

"Dismissal For Failure To Prosecute. In the case of any action which has been pending in this Court for more than one

year without any proceedings having been taken therein during that year, the Prothonotary shall after the expiration of the one year period mail to the parties a notice notifying them that the acion will be dismissed by the Court for want of prosecution if no proceedings are taken therein within thirty days. If no proceedings are taken in the action within a period of thirty days after the mailing of such notice, it shall thereupon be dismissed by the Court as of course for want of prosecution. Such actions may also be dismissed for want of prosecution at any time by motion of any party."

The facts are these:

On December 22, 1948, plaintiffs below (herein "plaintiffs") filed suit against defendants below (herein "defendants") to recover for services alleged to have been rendered to defendants. The suit was pleaded to issue and various proceedings for discovery were taken. On November 16, 1949, a notice for production of documents was filed. Thereafter no action was taken by either party for more than a year, although on February 6, 1950, the case was marked "continued". The thirty-day notice from the Prothonotary was not given.

On January 31, 1951, defendants filed and served on Plaintiffs a motion to dismiss the suit for want of prosecution. This motion invoked the provisions of the last sentence of Rule 41(e), above quoted.

On February 16, 1951, the motion was heard and was denied by the court without opinion. No record was made of the proceedings on the motion. Thereafter the case was tried and judgment entered for plaintiffs. Defendants appeal, asserting error in the refusal of the court below to grant their motion to dismiss.

It is settled that the decision on a motion to dismiss for want of prosecution is ordinarily within the discretion of the trial court. 17 *Am. Jur.*, § 57, 2 Barron and Holtzoff, *Fed. Prac. and Proc.*, § 918. Defendants argue, however, that the last

sentence of the rule has the effect of conferring upon a party the right to have dismissed on motion a suit pending for more than a year in which no proceeding has been taken, unless his opponent affirmatively excuses the delay and embodies such excuse in the record. To this extent, say the defendants, dismissal under the last sentence of the rule is mandatory.

Plaintiffs contend, first, that the motion was properly denied on the authority of *Ramirez v. Rackley*, 6 *Terry* 125, 67 *A.* 2d 854, 855; and second, that in any event the decision upon such a motion is in the sound discretion of the trial court, reviewable only for abuse, and that no abuse of discretion is shown.

Defendants admit that if the construction of the rule announced in *Ramirez v. Rackley* is sound, the appeal must fail. We therefore examine it.

In *Ramirez v. Rackley*, two actions were filed on June 20, 1947, and no action was taken until December 14, 1948, when plaintiffs sought to file a complaint. Defendants objected and asked that the actions be dismissed. The court analyzed the provisions of the rule. Pointing out that the rule furnishes two proceedings for bringing about a dismissal for want of prosecution, the court observed that the second procedure, embodied in the last sentence of the rule, did not itself define the phrase "Want of prosecution". The court then examined the first two sentences of the rule to ascertain what state of facts would constitute "want of prosecution" under the last sentence of the rule. Noting that, after the expiration of the period of one year a further period of thirty days must elapse without action in order to permit dismissal, the court held:

" 'Want of prosecution' in the first part of the Rule plainly refers to no proceedings in a case during one year and during an additional thirty-day period after notice to the parties. This being so, I do not think it would be reasonable to construe the same expression in the last sentence as referring only to no proceedings during one year, thereby denying the opportunity to

save a case from dismissal by proceedings during a thirty-day period. Rather, it seems to me, the last sentence means that a party may, at any time after the passage of a year without proceedings, move for a dismissal upon failure of the adverse party to prosecute within thirty days after notice of the motion, and that the case should be dismissed in the event of such failure."

■■ This construction of the rule we think unsound. It ignores the express provision in the last sentence of the rule that "such actions", i. e., actions pending for more than a year without proceedings having been taken, may be dismissed "at any time" on motion by a party. The plain meaning of the language is that a party may file a motion under the rule immediately upon the expiration of the yearly period, and that such a motion may be grounded upon inaction for a year—not upon a year plus thirty days. Moreover, the two methods of dismissal set forth in the rule are clearly distinct. The first contemplates an automatic dismissal after the expiration of the thirty-day notice period; the second, a dismissal in the discretion of the court. We agree with defendants that the construction of the rule adopted in the *Ramirez* case is erroneous. It must be disapproved.

We do not agree with defendants, however, that the last sentence of the rule requires the dismissal of a case after a year's inaction unless the party responsible for the delay makes an affirmative showing excusing the delay and embodies it in the record. On the contrary, we think that mere inaction for a year is in itself insufficient to support such a motion, and that the moving party must show something more to induce the court to act. This conclusion is compelled by the following considerations:

■ The first two sentences of the rule, respecting dismissals by the court, permit dismissal for inaction only when the yearly period is followed by a further period of thirty days after notice mailed by the Prothonotary. During the thirty-day period the party so notified may defeat dismissal by taking any

proceeding in the cause. A continuance on application has been held to be a proceeding taking the case out of the rule. *Short & Walls Lumber Co. v. Blome,* 7 *Terry* 446, 85 *A.* 2d 235. Thus any stir of activity, however formal, would defeat the automatic dismissal provided for under the first two sentences of the rule. The function of the notice is thus reduced in effect to a warning to the laggard litigant to decide during the thirty-day period whether he is willing to have his suit dismissed. This is a provision quite different from many rules in other jurisdictions providing for notice of intended dismissal for previous inaction. See, for example, the rule considered in *Federal Deposit Ins. Corp. v. Lotsch, D. C. E. D. N. Y.,* 3 *F. R. D.* 464. The first two sentences of *Superior Court Rule* 41(e) thus permit a litigant a year of inaction without danger of dismissal *on that ground alone.* In the light of this announced policy, the third sentence must be deemed to contemplate a dismissal at the instance of a party able to adduce some reason, in addition to mere inaction, that will move the court to disregard the *prima facie* privilege accorded by the first two sentences of the rule.

The construction advanced by defendants would produce a conflict between the operation of the two methods of dismissal provided for in the rule. Upon receipt of the Prothonotary's notice by a party who for a year has failed to prosecute his suit, the party so notified is entitled under the first two sentences of the rule to thirty days of grace; but under the third sentence of the rule, as construed by the defendants, he loses his grace period and must affirmatively excuse the year's delay. Thus the very thing permitted by one portion of the rule would become the thing forbidden by the other portion. Such a construction is unreasonable.

We accordingly hold that the disposition of defendants' motion to dismiss was within the sound discretion of the trial court, and that it was incumbent upon the defendants to make some showing, in addition to the fact of inaction for the period specified in the first two sentences of the rule, to induce

the court to exercise its discretion in its favor. No such showing was made.

It follows that there was no abuse of discretion, and the judgment below must be affirmed.