Louis ROVNER, Essie Rovner, Dora Rovner, Morris Handle and Sidney A. Leventon, Individually and trading as Belgrade-Clearfield Theatres Co.

v.

WARNER BROS. PICTURES, INC., Warner Bros. Circuit Management Corporation, Warner Bros. Pictures Distributing Corporation, Stanley Company of America, Universal Film Exchanges, Inc., and United Artists Corporation.

Civ. A. No. 14657.

United States District Court
E. D. Pennsylvania.
Jan. 23, 1962.

Harry Norman Ball, Philadelphia, Pa., for plaintiff.

William A. Schnader, Bernard G. Segal, Arlin M. Adams, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for Universal Film Exchanges Inc. & United Artists Corp.

Louis J. Goffman, Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa., for Warner Bros. Pictures Distributing Corp., Warner Bros. Circuit Management Corp., and Stanley Co. of America.

GRIM, Senior District Judge.

This motion picture anti-trust suit was begun December 31, 1952, over nine years ago. The last previously docketed proceeding having been defendants' notice of taking depositions on September 14, 1959, the Clerk of this court sent a notice to counsel for the parties on September 19, 1961, conformably with Rule 18 of this court, which provides:

"Whenever in any civil action the Clerk shall ascertain that no proceeding has been docketed therein for a period of more than two successive years immediately preceding such ascertainment, the Clerk shall send notice to counsel of record or, if none, to the parties, that unless the Court, upon written application filed within thirty (30) days from the receipt of such notice and upon good cause shown shall otherwise order, the action shall be dismissed. In the absence of such application to or order by the Court, the Clerk shall, without special order, enter upon the record 'dismissed, without prejudice under Rule 18,' and shall, upon application by defendant, tax the costs against the plaintiff."

Plaintiffs have applied under this rule for an order that the case be not dismissed.

All counsel in this case were involved in another similar case in this court, County Theatre Company v. Paramount Film Distributing Corporation and others, Civil Action No. 21133, filed in August, 1956, 166 F.Supp. 221. All counsel agreed that the County Theatre case should be first disposed of and that action in the instant case should be deferred until the County Theatre case was completed. Since cases of this nature require a vast amount of preparation, the court acquiesced in this agreement of counsel.

The County Theatre case was completed by settlement on April 27, 1959, the day it was set for trial. From that time until the mailing of the Clerk's notice the only docket entry in this case was that of defendants' notice of taking depositions in September of 1959. These depositions were begun October 7, 1959. No additional depositions were taken thereafter and from what appears on the record plaintiff did nothing thereafter until the receiving of the Clerk's notice.

Plaintiffs contend that relations between counsel were on an informal basis and that steps were taken without insistence on such formal matters as the filing of depositions in the Clerk's office, so that there was activity in the case although

entries do not appear on the docket. The basic reasoning underlying Rule 18 is that if a case is being actively pushed toward trial, this activity will be reflected in entries on the docket. The purpose of the rule, moreover, is to get pending cases disposed of in this busy court, not merely to permit litigants to maintain a faint spark of life in their litigation.

Since the commencement of this case certain witnesses have died, and many witnesses once employed by defendants have left their employment and scattered over the United States.

Plaintiffs fall squarely within the provisions of Rule 18. Moreover, regardless of what may have gone undocketed, (and as pointed out above, active prosecution of a case can be expected to leave footprints on the docket) plaintiffs have not prosecuted this case with vigor since the County Theatre case was completed.

### ORDER

AND NOW, January 23, 1962, plaintiffs' application for an order that the case be not dismissed is denied.