PARK CENTRE CONDOMINIUM
COUNCIL, Plaintiff,

v.

Jerre E. EPPS, Defendant–
Third Party Plaintiff,

v.

Remo Mazetti, individually and t/a First State Contractors and also t/a First State Builders, First State Contractors, Inc., and A. Mazetti & Sons, Inc. Third Party Defendants.

C.A. No. 95C–05–033 WTQ.

Superior Court of Delaware,
New Castle County.

Argued: Oct. 8, 1998.
Decided: Oct. 21, 1998.

---

J. Calvin Williams, Wilmington, Delaware, for Defendant–Third Party Plaintiff.

Carl N. Kunz, III, Murphy Spadaro & Landon, Wilmington, Delaware, for Plaintiff–Counterclaim Defendant.

Ralph K. Durstein, III, Prickett, Jones, Elliott, Kristol & Schnee; Laura M. Nolte, Goldfein & Joseph, Wilmington, Delaware, for Third Party Defendants.

QUILLEN, J.

This is the Court's Opinion on Plaintiff's and Third Party Defendant's Motions to Dismiss for failure to prosecute. For the reasons given herein, the Motions are DENIED.

## FACTS

Defendant Jerre E. Epps ("Epps") is the owner of two units at Park Centre Condominiums. Plaintiff, Park Centre Condominium Council ("PCCC"), is responsible for fixing and collecting condominium assessments at Park Centre. On May 2, 1995, PCCC filed a Complaint in this Court seeking judgment against Epps for unpaid condominium assessments, alleging that Epps failed to pay the monthly assessments fixed by the Council since April 1, 1994. Epps denied liability and promptly asserted a Counterclaim against PCCC alleging faulty construction and failure to repair. The Counterclaim arose from cracks in the condominium unit allegedly caused by inadequate structural support. Epps also promptly filed a Third Party Complaint on June 15, 1995, against Remo Mazetti, First State Contractors and others, who Epps alleges are liable for the defective condition of his condominium units.

On May 16, 1997, this Court granted PCCC's Motion for Summary Judgment regarding the condominium fees owed by Epps. Several claims survived this Motion, however, including the Counterclaim against PCCC and the Third Party Claims against Remo Mazetti, First State and others arising from construction problems. Over the next eight months, Epps failed to proceed with his case as Counterclaim Plaintiff and Third Party Plaintiff. On February 9, 1998, the Prothonotary sent a notice to Epps that failure to prosecute would result in a dismissal of the case under Superior Court Civil Rule 41(e). By letter dated March 2, 1998, Epps requested that the case not be dismissed and stated his intention to file a certificate of value in excess of $100,000 to by-pass the arbitration process (the "March Letter"). This letter

was not sent to opposing counsel. Over the next few months, it appears Epps attempted to arbitrate the matter, but nothing was resolved. On July 7, 1998, Epps filed a Motion to By–Pass Arbitration, but had not yet filed the certificate of value alluded to in the March Letter. It also appears that discovery had not progressed, nor was it actively pursued. As of October 8, 1998, the only actions taken by Epps since May of 1997 were the submissions of the March Letter and the Motion to By–Pass Arbitration.[1]

On May 21, 1998, Third Party Defendant First State contacted the Prothonotary to determine whether the action had been dismissed. After learning for the first time of Epps' March Letter, First State filed a Motion to Dismiss. PCCC filed a similar Motion a week later. A review of the docket shows that between May of 1997 and October of 1998, the *only* submissions by Epps were the above mentioned March Letter and Motion. Both parties contend that Epps failed to prosecute the case and the action must be dismissed.

## DISCUSSION

Superior Court Civil Rules 41(b) and (e) govern the dismissal of a case for failure to prosecute. Rule 41 states in part:

(b) *Involuntary Dismissal:* Effect Thereof. For failure of the plaintiff to prosecute or to comply with these Rules, or any order of Court, a defendant may move for dismissal of an action or of any claim against the defendant.... Unless the Court in its order for dismissal otherwise specifies, a dismissal under this subdivision ... operates as an adjudication upon the merits.

\*    \*    \*

(e) *Upon Notice of the Court.* The Court may order an action dismissed, sua sponte, upon notice of the Court, for failure of a party diligently to prosecute the action, for failure to comply with any rule, statute, or

---

1. This whole arbitration issue seems strange since the case should have become a nonarbitration case when the Counterclaim was filed or at least when the Third Party Complaint was filed with a Certificate of Value (June 15, 1995, Dkt.

No. 4). Both claimed over $100,000 in damages. Superior Court Civil Rule 16.1. *THE CASE IS HEREBY ORDERED TO BE A NONARBITRATION CASE.*

order of the Court, or for any other reason deemed by the Court to be appropriate. In the event that the Court shall conclude, sua sponte, that dismissal upon any of the foregoing grounds appears appropriate, the procedure for such dismissal shall be as follows: The Prothonotary shall forward to the party a notice directing that the party show cause why the action should not be dismissed for the reasons stated in the notice. The notice shall direct the party to respond within fifteen (15) days from the date of the notice. After consideration of such response, the Court shall enter an order dismissing the action or maintaining jurisdiction of the case. If a response is not filed within the time allowed, the dismissal shall be deemed to be unopposed. If the Court is satisfied that the action should be dismissed, it shall enter an order of dismissal. Upon entry of any order of dismissal, the Court shall specify the terms thereof including provision for payment of costs. In the case of any action which has been pending in this Court for more than six (6) months without any proceedings having been taken therein during that six (6) months, the Prothonotary shall mail, after the expiration of the six (6) months, to the parties a notice notifying them that the action will be dismissed by the Court for want of prosecution if no proceedings are taken therein within thirty (30) days. If no proceedings are taken in the action within a period of thirty (30) days after the mailing of such notice, it shall thereupon be dismissed by the Court as of course for want of prosecution.

▮▮▮▮ Rule 41 provides three distinct procedures for dismissing a case when a party fails to prosecute. Rule 41(b) provides for dismissal upon the motion of a party. The first part of Rule 41(e) provides for dismissal in the Court's discretion at any time provided the proper procedure is followed. The last two sentences of Rule 41(e) provide for *mandatory* dismissal if a case lies dormant for six months and no proceeding is submitted within thirty days of a warning by the Prothonotary.[2]

The only distinction of substance between the first two alternatives is who raises the issue of a party's failure to pursue a case. If an opposing party presents the issue, Rule 41(b) is applied. If the Court raises the issue sua sponte, the first portion of Rule 41(e) is applied. The underlying reason for the dismissal, however, remains the same: want of prosecution. As such, an analysis of a party's failure to prosecute under either alternative is identical.

▮▮▮▮ It is well settled that the dismissal of an action for want of prosecution rests within the sound discretion of the Court. *Ayers v. D.F. Quillen & Sons, Inc.*, Del. Supr., 188 A.2d 510, 511 (1963) (citing *Landes v. Wolf*, Del.Supr., 96 A.2d 344, 345 (1953)). Rules like 41(b) and (e) are intended as a safeguard against delay and harassment. 9 Wright & Miller, Federal Practice and Procedure: Civil 2d. § 2370.[3] Their purpose is to dispose of cases when necessary, not to allow parties to maintain a "faint spark of life in their litigation." *Wilmington Trust Co. v. Barry*, Del.Super., 397 A.2d 135, 138 (1979) (quoting *Rovner v. Warner Bros. Pictures, Inc.*, E.D.Pa., 29 F.R.D. 488, 490 (1962)). Avoiding dismissal for "want of prosecution" requires more significant action than taking steps to delay or prevent trial. *Barry*, 397 A.2d at 138. A litigant must actively pursue a case from its inception through its resolution.

---

**2.** This action is being analyzed under Rule 41(b) because the instant issue was raised by motions of the parties. This action may also be analyzed under the last two sentences of Rule 41(e) given Epps' failure to take "proceedings" within thirty days of the Prothonotary's warning. Even under the broadest interpretation of the term "proceedings," the March Letter does not qualify as "proceedings ... taken ... within thirty (30) days." Yet it was evidently accepted as such. *NOTICE IS HEREBY GIVEN TO THE BAR THAT DISMISSAL PURSUANT TO THE LAST TWO SENTENCES OF RULE 41(e) IS MANDATORY, AND, TO THE EXTENT THE COURT HAS BEEN LENIENT IN APPLYING THE RULE, THERE WILL BE A CHANGE IN THIS JUDGE'S, AND HOPEFULLY OTHER JUDGES', ACTIONS. THE CASE MANAGERS ARE PARTICULARLY ADVISED TO BRING TO THE COURT'S ATTENTION LETTERS IN RESPONSE TO RULE 41(e) NOTIFICATIONS THAT DO NOT APPEAR TO AMOUNT TO "PROCEEDINGS."*

**3.** Since Federal Rule 41 is similar to Delaware Civil Rule 41, the Court finds federal authority persuasive.

■ The decision to dismiss a case for want of prosecution must be determined on a case by case basis. Although Delaware favors giving litigants a day in Court, this need must be balanced with that of judicial economy. In some situations, a delay is unavoidable and parties should not be made to pay for circumstances beyond their control. In other instances, however, delays are caused by gross neglect and lack of attention. In these situations, dismissal may be appropriate.

■ The present case began in May of 1995 as a claim by PCCC for condominium fees against Epps. When the claim was made, Epps himself asserted claims against a number of parties. PCCC won its case against Epps in May of 1997, leaving only the remaining claims by Epps. Since the decision in May of 1997, the only actions taken by Epps were the March 2, 1998 Letter responding to the Court's warning and the unnecessary Motion in July of 1998 to By–Pass Arbitration. It does not appear that discovery was actively taken, nor does it appear that arbitration was seriously pursued. Furthermore, Epps failed to submit the certificate of value alluded to in the March Letter. In the face of such inaction, but for matters noted below, the Court believes this case should be dismissed for want of prosecution. A case cannot be permitted to linger lifelessly on the Court's docket. A litigant has a duty to see that a matter is diligently pursued. If a party's failure to pursue an action over an extended period of time is based upon nothing more than gross neglect, the Court may decide dismissal is appropriate.

There are, however, two factors which lead the Court to a contrary result here. First, it appears that the administrative arm of the Court treated the case as an arbitration case, presumably based on the original Complaint of PCCC. Perhaps because of the Court's treatment, this Judge never entered a Scheduling Order in this matter. Thus, the track of the case was never clearly defined and, for some reason, counsel for the Defendant–Third Party Plaintiff, not exactly a rookie at the Bar, was, along with his inexcusable procrastination, befuddled by the procedural state of the record and unable to rescue the situation. The Court will share the blame and also share the blame for some prior generous treatment of responses to Rule 41(e) notifications. But the Bar should be on notice that this Judge is tired of bearing the burden of incompetent lawyering and, without any meanness of spirit, gives notice that better performance is required for the sake of all of us.

The Plaintiff's and Third Party Defendant's Motions to Dismiss all of Epps' Third Party Claims are DENIED, with some regret. IT IS SO ORDERED.

A Scheduling Order is attached. Mr. Epps, as Counterclaim Plaintiff and Third Party Plaintiff, has thirty (30) days to file all his paper discovery (interrogatories, requests for production, etc.).

## ATTACHMENT

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE IN AND FOR NEW CASTLE COUNTY

PARK CENTRE CONDOMINIUM COUNCIL, Plaintiff, v. JERRE E. EPPS, Defendant–Third Party Plaintiff, v. REMO MAZETTI, individually and t/a First State Contractors and also t/a First State Builders, First State Contractors, Inc., and A. Mazetti & Sons, Inc., Third Party Defendants.

### C.A. No. 95C–05–033–WTQ

### *CASE SCHEDULING ORDER*

IT IS ORDERED this 21st day of October, 1998, that the dates set forth below and Guidelines contained on page 2 of this Order will control all future events in this case until trial. Any amendments or modifications to the event deadlines established in this Order will require Court approval.

| | |
|---|---|
| All Third Party Plaintiff Epps' Paper Discovery to be filed not later than | November 23, 1998 |
| Plaintiff to identify experts by | December 31, 1998 |
| Defendant–Third Party Plaintiff to Identify Experts by | January 31, 1999 |
| Third Party Defendant to Identify Experts by | February 26, 1999 |
| All Discovery (fact and expert) to be Completed by | May 1, 1999 |
| Any Dispositive Motions to be Filed by | May 15, 1999 |
| Status and Pretrial Conference | July 28, 1999 at 9:30 a.m. |
| Trial (4 days, Jury) | September 13, 1999 |

xc: Counsel of record

Original to Prothonotary

/s/ William T. Quillen
    William T. Quillen, J.

## GUIDELINES

*Settlement Negotiations.* The parties are required to actively engage in settlement discussion and determine whether the matter may be resolved by settlement, Civil Rule 16.1 arbitration, Civil Rule 16.2 voluntary mediation, or binding arbitration.

*Case Dispositive Motions.* All case dispositive motions will be scheduled by obtaining a date and time from the Judge Quillen's secretary, Cathy James (577–2400 ext. 220) *at least 10 working days prior to the dispositive motion cutoff date.* The original motion and the response thereto shall filed with the Prothonotary's Office and a copy of each delivered to Judge Quillen's Chambers. The motion and the response shall not exceed four (4) pages in length and shall have a notice page indicating the date and time of the conference. The response is due no later than three (3) working days (excluding weekends and holidays) prior to the hearing date. If no response is filed within the time prescribed, the Court will deem the motion unopposed. No reply by the moving party is permitted. Full briefing of any case dispositive motion will be permitted only upon prior approval of the Court.

*Routine Civil Motions.* Judge Quillen will hear routine motions on Mondays at 9 a.m. Motions must be filed ten (10) working days days (excluding weekends and holidays) prior to the noticed date for presentation. Responses are due no later than Wednesday preceding the noticed date of the motion. If no response is filed within the time prescribed, the Court will deem the motion unopposed. **A Motion to Continue a Trial Date** is scheduled as a routine motion.

*Pretrial Conference.* Trial counsel must attend the pretrial conference. No later than twelve (12) days before the conference, plaintiff's counsel shall forward to defendant's counsel a draft of the pretrial order with the plaintiff's portion completed. Within five (5) days from the date of receiving that draft, defendant's counsel shall, in turn, provide plaintiff's counsel with comments on the plaintiff's draft and the information defendant proposes to include in the proposed order. Each party shall include in the draft pretrial order an identification of each expert witness that party expects to call to testify at the trial and a brief statement of the substance of each opinion that expert will testify to at the trial. The proposed pretrial order shall be filed with the Court no later than five (5) working days (excluding weekends and holidays) prior to the scheduled pretrial conference, together with a check for the $100 trial fee made payable to the "Prothonotary."