# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
# IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| **JAMES A. WILSON,** | ) | |
| | ) | **C.A. No: K13C-09-042 RBY** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **M. DILL,** | ) | |
| | ) | |
| **Defendant.** | ) | |

*Submitted: September 1, 2014*
*Decided: September 25, 2014*

***Upon Consideration of Defendant's***
***Motion to Dismiss***
**GRANTED**

**ORDER**

James A. Wilson, *Pro se.*

Michael F. McTaggart, Esquire, Department of Justice, Wilmington, Delaware for Defendant.

Young, J.

**SUMMARY**

M. Dill ("Defendant"), a Trooper in the Delaware State Police, moves to dismiss James A. Wilson's ("Plaintiff") lawsuit, alleging violations of his civil rights. Following the filing of this lawsuit in the Fall of 2013, Plaintiff has been starkly absent from the litigation, failing to respond to discovery requests and orders of this Court. Defendant contends that Plaintiff's neglect warrants dismissal, pursuant to Superior Court Civil Rule 41, for failure to prosecute. The Court finds that Plaintiff's dormancy rises to the level meriting dismissal of his suit. Thus, Defendant's Motion to Dismiss is **GRANTED**.

**FACTS AND PROCEDURES**

Plaintiff filed a Complaint against Defendant on September 30, 2013, followed by an Amended Complaint on November 12, 2013. Plaintiff alleges that during a traffic stop conducted by Defendant, his civil rights, protected under Federal and Delaware state law, were violated. Among the purported misdeeds were an illegal search and seizure, and the exercise of racial profiling.

Following the filing of his Amended Complaint, Plaintiff has been absent from the litigation, failing to act on discovery requests from the opposing party, as well as discovery orders issued by this Court. Specifically, Plaintiff's non-responsive conduct resulted in the filing of a Motion to Compel by the Defendant, which this Court granted on July 10, 2014. By its Order, the Court required Plaintiff to respond to Defendant's discovery requests within 10 days. Plaintiff never did so.

## STANDARD OF REVIEW

Pursuant to Superior Court Civil Rule 41, it is "within the sound discretion of the Court" to dismiss an action for "want of prosecution."[1] This authority draws from the Court's "inherent power to manage its own affairs and to achieve orderly and expeditious disposition of its business."[2] "The purpose is to dispose of cases when necessary, not to allow parties to maintain a faint spark of life in their litigation."[3] In considering such motions to dismiss, the Court must balance the dual policy considerations of "giving litigants a day in Court" and the interests of judicial economy.[4] Where delay is caused by "gross negligence and lack of attention," dismissal is appropriate.[5] By contrast, where the delay is unavoidable, "the parties should not be made to pay for circumstances beyond their control."[6]

## DISCUSSION

The Plaintiff, not having filed a response to Defendant's motion, the Court considers only Defendant's arguments. Defendant's position is straightforward. Since filing his Amended Complaint on November 12, 2013 – nearly a year ago – Plaintiff

---

[1] *Ayers v. D.F. Quillen & Sons, Inc*, 188 A.2d 510, 511 (Del. 1963); Super. Ct. Civ. R. 41.

[2] *Draper v. Med. Ctr. Of Delaware*, 767 A.2d 796, 798 (Del. 2001) (internal quotations omitted).

[3] *Wilmington Trust Co. v. Barry*, 397 A.2d 135, 138 (Del. Super. Ct. 19179) (internal quotations omitted).

[4] *Park Ctr. Condominium Council v. Epps*, 723 A.2d 1195, 1199 (Del. Super. Ct. 1998).

[5] *Id.*

[6] *Id.*

has been a non-participant in this litigation. During this time, Plaintiff has received communication from both Defendant and this Court, but provided no answer. Plaintiff's inactivity forced Defendant to file a Motion to Compel, leading to this Court's intervention in July 2014, ordering Plaintiff to comply with his discovery obligations within 10 days. Those 10 days came and went, and still, Plaintiff failed to act.

In the face of such inactivity by one of the parties, it is within this Court's well-settled discretion to dismiss an action for failure to prosecute. Although Delaware recognizes that some delay may be out of a party's hands, the lack of attention the Plaintiff has displayed to his *own* lawsuit, can be attributed to only his *own* neglect. The status of the Plaintiff as a *pro se* litigant, is a factor the Court should consider in its analysis.[7] However, Delaware also recognizes that the rules of litigation for *pro se* litigants are the same as those for represented parties.[8] Laxer standards are not provided despite any inexperience or unfamiliarity.[9] Furthermore, the Court has already provided the Plaintiff with some leniency, to wit: extending the time for Plaintiff to respond to Defendant's discovery requests. Where a party fails to "pursue an action over an extended period of time" and this failure is based solely on the party's "gross neglect," in the interest of judicial economy, a Court may and *should*

---

[7] *See Draper*, 767 A.2d at 798 ("the problems arising from a *pro se* litigant's lack of familiarity with the law and court procedures must also be considered").

[8] *Id.,* at 799

[9] *Id.*

4

dismiss the action.[10]

**CONCLUSION**

Since filing his Amended Complaint almost a year ago, Plaintiff has ignored his litigation obligations, owed to both the Defendant and this Court. Such inactivity is the very circumstance warranting dismissal of an action for failure to prosecute. Defendant's Motion to Dismiss is **GRANTED.**

**IT IS SO ORDERED**.

/s/ Robert B. Young

J.

RBY/lmc
oc:    Prothonotary
cc:    Mr. McTaggart, Esq.
       James A. Wilson (*via U.S. Mail*)
       Opinion Distribution
       File

---

[10] *Id.*