# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| **BRIAN LEE JOHNSON,** | **:** | |
| | **:** | **C.A. No: K13C-09-041 RBY** |
| **_____Plaintiff,** | **:** | |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **KATHLEEN GUDZUNE,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

*Submitted: October 28, 2014*
*Decided: December 5, 2014*

***Upon Consideration of Defendant's***
***Motion to Dismiss***
**DENIED**

**ORDER**

Brian Lee Johnson, *Pro se.*

Beth H. Christman, Esquire, Casarino Christman Shalk Ransom & Doss, P.A., Wilmington, Delaware for Defendant.

Young, J.

## SUMMARY

The Court is presented with Kathleen Gudzune's ("Defendant") Motion to Dismiss for want of prosecution. Defendant's motion arises out of Brian Johnson's ("Plaintiff") failure to attend a court ordered hearing on September 4, 2014. The hearing was scheduled following Plaintiff's counsel's withdrawal from representation on August 7, 2014. Defendant's motion, at this point, is premature. The degree of Plaintiff's indifference to the litigation, and the delay he has caused, is not so great as to warrant immediate termination of the litigation. At the moment, there has been only one instance of neglect on Plaintiff's part. Regarding in particular *pro se* litigants, efforts affording the opportunity to remedy such parties' failures to litigate are to be provided before dismissal. Thus, Defendant's Motion to Dismiss is **DENIED** at this juncture.

## FACTS AND PROCEDURES

Plaintiff filed the instant action against Defendant, alleging negligence on Defendant's part while operating a vehicle. The two were involved in an automobile accident on Delaware Route 7, with Plaintiff's allegedly sustaining injuries in the crash. Plaintiff filed this suit on September 30, 2013, while represented at the time by the firm of Young & Malmberg, P.A. On August 7, 2014, following this Court's order, Plaintiff's counsel voluntarily withdrew from representation. A hearing was mandated by this Court, during which the Court wished to hear Plaintiff's plans going forward, now that he was representing himself *pro se*. The hearing was scheduled for September 4, 2014, however, only Defendant attended. Plaintiff did not, and has not, contacted either this Court or

the Defendant, regarding his absence from the hearing. By Defendant's motion, filed on September 26, 2014, Defendant seeks to have the action dismissed, following Plaintiff's non-appearance.

## STANDARD OF REVIEW

Pursuant to Superior Court Civil Rule 41, it is "within the sound discretion of the Court" to dismiss an action for "want of prosecution."[1] This authority draws from the Court's "inherent power to manage its own affairs and to achieve orderly and expeditious disposition of its business."[2] "The purpose is to dispose of cases when necessary, not to allow parties to maintain a faint spark of life in their litigation."[3] In considering such motions to dismiss, the Court must balance the dual policy considerations of "giving litigants a day in Court" and the interests of judicial economy.[4] Where delay is caused by "gross neglect and lack of attention," dismissal is appropriate.[5] By contrast, where the delay is unavoidable, "the parties should not be made to pay for circumstances beyond their control."[6]

---

[1] *Ayers v. D.F. Quillen & Sons, Inc.*, 188 A.2d 510, 511 (Del. 1963); Super. Ct. Civ. R. 41.

[2] *Draper v. Med. Ctr. Of Delaware*, 767 A.2d 796, 798 (Del. 2001) (internal quotations omitted).

[3] *Wilmington Trust Co. v. Barry*, 397 A.2d 135, 138 (Del. Super. Ct. 1979) (internal quotations omitted).

[4] *Park Ctr. Condominium Council v. Epps*, 723 A.2d 1195, 1199 (Del. Super. Ct. 1998).

[5] *Id.*

[6] *Id.*

## DISCUSSION

As the Plaintiff has not filed a response to Defendant's motion, the Court considers only Defendant's arguments. Defendant seeks to dismiss Plaintiff's action, based upon his alleged failure to prosecute the case. The delay in prosecution of which Plaintiff is accused, consists of his failure to attend this Court's hearing on September 4, 2014. The purpose of this hearing was to determine how Plaintiff wished to proceed, following his counsel's withdrawal on August 7, 2014. Defendant contends that this unexcused absence from the court ordered hearing, rises to the level of want of prosecution, which merits dismissal pursuant to Superior Court Civil Rule 41(b).

As an initial matter, dismissals under Rule 41(b) are at the *discretion* of the Court.[7] Parties may, of course, bring motions to dismiss under this rule, to determine whether a party's litigation conduct is so wanting as to warrant termination of the action. The type of behavior calling for dismissal has been described as "gross neglect and lack of attention."[8] In addition, the Delaware Supreme Court has reasoned that any delay of over a year, would at least begin to raise the possibility of an action being dismissed pursuant to Rule 41(b).[9]

Although not directly on point, the Court also finds it instructive to consider the *Christian v. Counseling Resource Assoc., Inc.* line of cases, recently decided by

---

[7] *Ayers*, 188 A.2d at 510.

[8] *Park Ctr.*, 723 A.2d at 1199.

[9] *Ayers*, 188 A.2d at 511 (reasoning that although Rule 41(b) does not set a time frame, Rule 41(e) provides some relevant guidance in allowing dismissal after one year of inaction).

the Delaware Supreme Court,[10] to clarify the appropriate conduct of trial courts in dismissing claims "without being heard on the merits" for "attorneys' failure to obey scheduling orders."[11] Recognizing that dismissal of an action is the most severe sanction a trial court can impose, the Delaware Supreme Court directs that trial courts carefully consider six factors before choosing such an action:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the claim or defense.[12]

Indeed, in determining whether trial courts abused their discretion in imposing this ultimate sanction, the Delaware Supreme Court closely scrutinized their decisions, checking specifically that these factors had been considered and applied.[13]

Looking at the facts of this case, the Court does not find Plaintiff's conduct is, as yet, so grossly neglectful as to merit dismissal. Plaintiff's counsel withdrew from representation on August 7, 2014. Although not laudatory by any means, Plaintiff has failed to comply with only *one* court order since that withdrawal, having not attended the September 4, 2014 hearing. As indicated, the Supreme Court has instructed that

---

[10] 60 A.3d 1083 (Del. 2013); *Hill v. DuShuttle*, 58 A.3d 403 (Del. 2013); *Adams v. Aidoo*, 58 A.3d 410 (Del. 2013).

[11] *Christian,* 60 A.3d at 1084.

[12] *Id.*, at 1087.

[13] *Christian*, 60 A.3d 1087; *Hill*, 58 A.3d at 406; *Adams*, 58 A.3d at 414.

Delaware courts are to give consideration to a *pro se* Plaintiff's inexperience in ruling upon motions to dismiss for failure to prosecute.[14] In *Draper v. Med. Ctr. Of Delaware*, a somewhat analogous situation where plaintiff's counsel had withdrawn from representation, the Supreme Court determined it was the Court's role to "make some effort to get the case back on track before dismissing for failure to prosecute."[15] To dismiss this case at this time, would seem precipitant.

Turning to the factors considered by the *Christian* line of cases, these too caution against dismissal of the action prematurely. Like the *Draper* court, the *Christian* court was concerned with the hasty termination of lawsuits. The *Christian* court reasoned: "[t]he trial court's refusal to step in when asked to resolve discovery difficulties, and thereby avoid the ultimate sanction of dismissal, was an abuse of discretion."[16] This is akin to the *Draper* court's imploration that trial courts make efforts to "get the case back on track," prior to outright dismissal.[17]

The six factors articulated by the *Christian* line of cases support the judicial preference for having cases decided on merit. As applied to the facts of the instant matter, these six considerations, on the whole, do not weigh towards termination of Plaintiff's action. The first factor asks to what extent the party is personally responsible for the delay. Here, where Plaintiff is no longer represented by counsel,

---

[14] 767 A.2d at 798.

[15] *Id.*

[16] 60 A.3d at 1087.

[17] 767 A.2d at 798.

the Court can only deduce that Plaintiff is solely responsible for not attending the September hearing. However, looking at the Christian cases – *e.g. Adams v. Aidoo* – this singular instance of neglect is insufficient ground for dismissal, even if Plaintiff is fully responsible.[18] The second consideration inquires whether the party's delay has caused prejudice to her adversary. Compared to the many occasions of postponement exhibited by the offending parties in the *Christian* cases, having to reschedule a status conference is, at best, a minor inconvenience to Defendant. The third factor looks at the litigant's history of dilatoriness. This is Plaintiff's first transgression – there is no history to speak of. Fourth, courts are instructed to consider whether the party has acted in bad faith in causing the delay. Generally speaking, bad faith consists of repeated insubordination, after several reproaches by a court.[19] This opinion is the first reprimand issued by the Court, and, as of yet, the Court is unaware of Plaintiff's reason for missing the hearing. Finally, the Court reviews the meritoriousness of Plaintiff's claim. Although it is too early, at this stage of the litigation, to pass any ultimate judgment on the worthiness of Plaintiff's claim, there is certainly nothing to lead this Court to a contrary conclusion. It is evident, that these six factors weigh towards permitting the Plaintiff's claim to be decided on its merits.

With this in mind, the Court **DENIES** the Defendant's motion, further

---

[18] 58 A.3d at 413 ("[t]he trial court gave Adams numerous extensions, and Adams had no excuse for her failure to comply with the deadlines"); *see also Hill*, 58 A.3d at 406 (holding that one "factor alone, did not justify imposition of the most severe sanction available to the court").

[19] *See e.g., Adams*, 58 A.3d at 413 ("Finally...Adams' refusal to provide discovery was willful...[she] simply did not think she should have to reveal information she considered to be private and irrelevant").

instructing that Plaintiff is to make himself available to counsel to provide desired discovery by January 15, 2015, or suffer Dismissal of his claim upon Motion of Defendant.

## CONCLUSION

Despite Plaintiff's failure to attend this Court's mandated hearing, it would be, at this nascent stage of the litigation, premature to dismiss Plaintiff's suit for want of prosecution. Plaintiff has not displayed the requisite level of neglect, warranting such action by the Court. Defendant's motion is **DENIED**.

**IT IS SO ORDERED**.

         /s/ Robert B. Young
               J.


GudRBY/lmc
oc:     Prothonotary
cc:     Counsel
          Brian Lee Johnson, *Pro se*
          Opinion Distribution
          File