# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

KENNETH M. FLOWERS as )
Administrator of the Estate of )
CHRISTINE FLOWERS, Deceased; )
KENNETH M. FLOWERS, )
Individually; KAREN FLOWERS; )
LAWRENCE FLOWERS and ) C.A. No. N15C-06-281 CLS
ANTHONY MIMMS, )
           )
         Plaintiffs, )
           )
         v. )
           )
CHRISTIANA CARE HEALTH )
SYSTEM, )
INPATIENT CONSULTANTS OF )
DELAWARE, INC. )
and ANURADHA )
AMARA, M.D., )
           )
         Defendants. )

Date Submitted: March 28, 2019
Decided: April 3, 2019

Upon Consideration of Defendant's Motion for Involuntary Dismissal.
**Granted**.

A. Dale Bowers, Esquire. Law Office of A. Dale Bowers, P.A., 203 North Maryland Avenue, Wilmington, Delaware, 19804.  Attorney for Plaintiffs.

Emeka Igwe, Esquire. The Igwe Firm, 1500 Walnut Street, Suite 409, Philadelphia, PA, 19102.  Admitted *Pro Hac Vice* Attorney for Plaintiffs.

Richard Galperin, Esquire & Joshua H. Meyeroff, Esquire. Morris James LLP., 500 Delaware Avenue, Suite 1500, Wilmington, Delaware, 19801.  Attorneys for Defendants IPC Healthcare and Dr. Amara.

Upon consideration of the Defendant's Motion for Involuntary Dismissal for failure to comply with this Court's November 13, 2018 Order, and the record of the case, it appears that:

1. This action arises from the medical treatment of Mrs. Flowers in August 2013. Plaintiffs allege that Defendants were negligent in their care and treatment of Mrs. Flowers, resulting in her unfortunate passing. Plaintiffs brought an action on behalf of the estate and as individuals. Trial was scheduled to begin on November 13, 2018.

2. At the pre-trial conference a discussion was held with regards to the administrator of the estate. It was known at that time the administrator would not be attending trial. Plaintiffs' counsel indicated they would file a motion to change the administrator. No motion was filed, and the Administrator did not attend trial.

3. On the morning of trial, with a panel of prospective jurors awaiting *voir dire* Plaintiffs' counsel alerted Defense counsel and the Court that in addition to the administrator, one of the other named Plaintiffs would not be attending.

4. Plaintiffs' counsel sought permission from the Court to dismiss the missing Plaintiff from the case, or in the alternative, a continuance.

5. The Court heard argument from the parties on the options available. Defense counsel opposed either option, but took the position that if a continuance was

to be granted, they would be entitled to costs. Defense counsel estimated those costs to be between $25,000 to $35,000. The Court gave counsel time to consider this amount.

6. Delaware counsel hesitated, appeared uncomfortable, and yielded the decision to *pro hac* counsel. With full knowledge of the cost estimate, *pro hac* counsel thought about it for a while and then said he "would be willing to incur those costs."[1]

7. The Court continued the case with costs. The Court made it clear a scheduling conference would be held only after costs had been paid.

8. On December 10, 2018, Plaintiffs' counsel received the itemized costs incurred by Defendants. The attached letter requested payment within 45 days.

9. On February 25, 2019, seventy-seven days from the date of their letter, with no response from Plaintiffs, Defense counsel filed this Motion for Involuntary Dismissal under Superior Court Civil Rule 41 (b).

10. An action may be involuntarily dismissed for failure of the plaintiff to prosecute or to comply with these Rules, or any order of Court, a defendant may move for dismissal of an action or of any claim against the defendant.[2]

---

[1] Trial Conference Tr., at 34.
[2] Super. Ct. Civ. R. 41

11. Dismissal of an action for want of prosecution rests within the sound discretion of the Court.[3] The purpose of the Rule permitting involuntary dismissal is as a safeguard against delay, disposing of cases when necessary, as opposed to allowing parties to maintain a "faint spark of life in their litigation."[4] A litigant must actively pursue a case from its inception through its resolution.[5]

12. Plaintiffs' counsel was aware of the amount involved when they agreed to pay those costs, yet to date Plaintiffs have failed to pay any portion of the requested costs.

13. Defense counsel received no response to the December 10 request. Plaintiffs' first objection to the fees was raised in their opposition to this Motion. Plaintiffs' counsel is correct that Defendants would have incurred some of the fees included in their itemization regardless of trial date. However, Plaintiffs' argument neglects to address the fees incurred by their eleventh hour continuance request including expert witness travel and accommodation, and cancelation fees.

---

[3] *Park Ctr. Condo. Council v. Epps*, 723 A.2d 1195, 1198 (Del. Super. Ct. 1998).
[4] *Id*, (quoting *Wilmington Trust Co. v. Barry*, , 397 A.2d 135, 138 (Del. Super. Ct. 1979).
[5] *Id*.

4

14. Although Delaware Courts have a preference for affording a Plaintiff their day in Court, Defendants also deserve the protection of the Court and should not have the weight of lawsuits hanging over their head indefinably.[6]

15. With full knowledge of the conditions imposed by the Court, counsel for both parties agreed to a continuance.  Compliance with the Court's Order was a prerequisite to continuing this action.  Plaintiffs' counsel has failed to comply with those conditions, and now objects.   Plaintiffs have provided no objective reason for their noncompliance with the Court's Order, nor why this case should not be dismissed in the interest of judicial economy.

Therefore, for the reasons stated above, Defendant's Motion for Involuntary Dismissal for Failure to Prosecute and Comply with this Court's Order is **GRANTED**.

 **IT IS SO ORDERED.**

/s/ Calvin L. Scott
**Judge Calvin L. Scott, Jr.**

---

[6] *Breeding v. Hillandale Farms of Delaware, Inc.*, 2011 WL 378847, at *2 (Del. Super. Ct. Jan. 28, 2011).